**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| **FAMILY ONE, INDIVIDUALLY AND** | § | |
| **AS GUARDIANS AND NEXT FRIENDS** | § | |
| **OF MINOR CHILD ONE; FAMILY** | § | |
| **TWO, INDIVIDUALLY AND** | § | |
| **AND NEXT FRIENDS OF MINOR** | § | |
| **CHILD TWO; FAMILY** | § | |
| **THREE, INDIVIDUALLY AND AS** | § | |
| **NEXT FRIENDS OF MINOR CHILD** | § | |
| **THREE; FAMILY FOUR,** | § | |
| **INDIVIDUALLY AND AS NEXT** | § | |
| **FRIEND OF  MINOR CHILD FOUR;** | § | |
| **FAMILY FIVE, INDIVIDUALLY AND** | § | **CIVIL CASE NO:** |
| **AS NEXT FRIENDS OF MINOR** | § | |
| **CHILD FIVE; FAMILY SIX,** | § | |
| **INDIVIDUALLY AND AS NEXT** | § | |
| **FRIEND OF  MINOR CHILD SIX;** | § | |
| **FAMILY SEVEN, INDIVIDUALLY** | § | |
| **AND AS NEXT FIREND OF MINOR** | § | **JURY TRIAL DEMANDED** |
| **CHILD SEVEN; AND FAMILY EIGHT,** | § | |
| **INDIVIDUALLY AND AS NEXT** | § | |
| **FRIENDS OF MINOR CHILD EIGHT** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **ADAM DALE ISAACKS, MIRANDA** | § | |
| **LYNN DUKES ISAACKS,** | § | |
| **LITTLE LEAGUE BASEBALL, INC.** | § | |
| **A/K/A LITTLE LEAGUE** | § | |
| **INTERNATIONAL, TEXAS DISTRICT** | § | |
| **12 LITTLE LEAGUE, EVADALE** | § | |
| **LITTLE LEAGUE, AND BEAR** | § | |
| **CREEK HUNTING CLUB** | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

## <u>PLAINTIFFS' ORIGINAL COMPLAINT</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

        **COMES NOW,** Plaintiffs, **FAMILY ONE, INDIVIDUALLY AND AS GUARDIANS AND NEXT FRIENDS OF MINOR CHILD, ONE; FAMILY TWO , INDIVIDUALLY AND AS NEXT FRIENDS OF MINOR CHILD TWO; FAMILY THREE, INDIVIDUALLY AND AS NEXT FRIENDS OF MINOR CHILD THREE; FAMILY FOUR, INDIVIDUALLY AND NEXT FRIEND OF MINOR CHILD FOUR; FAMILY FIVE, INDIVIDUALLY AND AS NEXT FRIENDS OF MINOR CHILD FIVE; FAMILY SIX, INDIVIDUALLY AND AS NEXT FRIEND OF MINOR CHILD SIX; FAMILY SEVEN, INDIVIDUALLY AND AS NEXT FRIEND OF MINOR CHILD SEVEN; AND FAMILY EIGHT, INDIVIDUALLY AND AS NEXT FRIENDS OF MINOR CHILD EIGHT** (referred to hereinafter collectively as the "Plaintiffs"), and file this their Original Complaint against **ADAM DALE ISAACKS, MIRANDA LYNN DUKES ISAACKS, LITTLE LEAGUE BASEBALL, INC. A/K/A LITTLE LEAGUE INTERNATIONAL, TEXAS DISTRICT 12 LITTLE LEAGUE, EVADALE LITTLE LEAGUE, AND BEAR CREEK HUNTING CLUB** (referred to hereinafter collectively as the "Defendants") and in support of this Complaint, Plaintiffs would show unto the Court as follows:

**TABLE OF CONTENTS**

I.      INTRODUCTION ...........................................................................................................6

II.     PARTIES ......................................................................................................................7

III.    JURISDICTION AND VENUE ..................................................................................11

IV.     FACTUAL BACKGROUND ......................................................................................12

        A.  Nature of the Case. ...........................................................................................12

        B.  Facts of the Case. ..............................................................................................12

            1.  Adam and Miranda Isaacks were in a position of trust and authority. .................18

            2.  Little League Baseball and District 12 have independent duties and
                obligations to local leagues. ..............................................................................20

            3.  Little League President Isaacks exploited his position to groom and
                sexually abuse and assault players for years without safeguards,
                oversight or reporting...........................................................................................24

        C.  Additional Facts Relating to Minor Plaintiff, Child One...........................................30

        D.  Additional Facts Relating to Minor Plaintiff, Child Two. ........................................31

        E.  Additional Facts Relating to Minor Plaintiff, Child Three. ......................................31

        F.  Additional Facts Relating to Minor Plaintiff, Child Four...........................................32

        G.  Additional Facts Relating to Minor Plaintiff, Child Five. .........................................32

        H.  Additional Facts Relating to Minor Plaintiff, Child Six. ..........................................34

        I.   Additional Facts Relating to Minor Plaintiff, Child Seven.........................................34

        J.   Additional Facts Relating to Minor Plaintiff, Child Eight.........................................35

V.      SUMMARY OF CLAIMS...........................................................................................36

VI.     CAUSES OF ACTION ................................................................................................41

        A.  Count One - Assault.........................................................................................41

        B.  Count Two - Sexual Abuse ..............................................................................42

C.  Count Three - Negligence. ..........................................................................43

    1.  Negligence of Defendants Miranda Isaacks, District 12, ELL, and Little League Baseball. ...............................................................43

    2.  Negligence Per Se. ...........................................................................47

    3.  Negligence of Defendant, Bear Creek ..............................................47

D.  Count Four - Gross Negligence. ...................................................................49

E.  Count Five - Statutory Violations of *Protecting Young Victims from Sexual Assault and Safe Sports Authorization Act "Safe Sports Act"*. ..................50

F.  Count Six - *Sexual Exploitation and Other Abuse of Children* in violation of Federal Anti-Human Trafficking and other Federal Statutes, 18 U.S.C. § 2255..............................................................................................................52

G.  Count Seven - Civil Conspiracy. ..................................................................53

H.  Count Eight - Aiding and Abetting................................................................53

I.  Count Nine - Defective Premises..................................................................53

J.  Count Ten - Breach of Fiduciary Duty. ........................................................54

VII.    DAMAGES FOR PLAINTIFFS AND MINOR PLAINTIFFS.........................55

A.  Damages for Plaintiff, Family One, and Minor Plaintiff, Child One .........55

B.  Damages for Plaintiff, Family Two, and Minor Plaintiff, Child Two .........56

C.  Damages for Plaintiff, Family Two, and Minor Plaintiff, Child Three .......56

D.  Damages for Plaintiff, Family Two, and Minor Plaintiff, Child Four.........57

E.  Damages for Plaintiff, Family Two, and Minor Plaintiff, Child Five .........58

F.  Damages for Plaintiff, Family Two, and Minor Plaintiff, Child Six ..........58

G.  Damages for Plaintiff, Family Two, and Minor Plaintiff, Child Seven.......59

H.  Damages for Plaintiff, Family Two, and Minor Plaintiff, Child Eight........59

VIII.   PUNITIVE DAMAGES ...................................................................................60

IX.     JURY DEMAND ........................................................................................................60

X.      ATTORNEY'S FEES INTERESTS AND COSTS .............................................................60

XI.     CONDITIONS PRECEDENT .........................................................................................61

XII.    ALTERNATIVE PLEADINGS .......................................................................................61

XIII.   RELIEF REQUESTED....................................................................................................61

# I. **INTRODUCTION**

1.      Plaintiffs are victims and survivors of childhood sexual assault, molestation and abuse at the hands of their Little League Baseball Coach and League President, Adam Isaacks. The abuse started when some minor Plaintiffs were just 7 and 8 years old and continued for a period of years until the age of 11 and 12.  Defendants are liable for the grooming, sexual assaults, molestation, and abuses suffered by the Plaintiffs, as more fully described below.

2.      All such grooming, which constituted preparatory offenses under the Texas Penal Code § 15.01, 15.02, 15.031, occurred under the authority of Little League Baseball which began and continued on the baseball field of Evadale Little League, during practices and games.  As the President and Secretary of Evadale Little League, and as coach and assistant coach of Evadale Little League teams, Adam Isaacks and Miranda Isaacks had the total and complete authority to make the line-ups for each and every Little League game, decide who played, what position they played, where they batted in the line-up, who got pulled from the game, and who sat the bench. Part of the grooming process included invitations to team members to go on trips with the coach, assistant coach, and their son who was a teammate.  Little League Baseball provided Adam Isaacks each year with a list of victims and potential victims and gave him the means and method by which to impose his deviant will.  Little League President Isaacks chose his victims from his Evadale Little League baseball roster and freely exploited the position of authority bestowed upon him the institution of Little League Baseball.

3.      The policies and procedures of Little League Baseball, and District 12, − to the extent they existed − with regard to player safety were not enforced or implemented.  Defendants failed to comply with their own policies and procedures and failed to implement and enforce safety precautions to guard against the foreseeable risk of sexual abuse in the context of Little League

baseball.  Defendants failed to comply with their duties and obligations to implement safety awareness, education, training, implement precautionary measures and to monitor and report compliance of the same.

4.      With a complete lack of training, education, safeguards, policies, procedures, or oversight, Adam and Miranda Isaacks were permitted to implement a scheme to groom and sexually abuse, molest, and sexually assault young boys who participated in Evadale Little League baseball over the course of four to five years.

5.      Bear Creek a for-profit "Hunting Club" in Sabine County headquartered in Pineland, Texas provided sanctuary for Adam Isaacks to commit sexual crimes against children. Bear Creek failed to provide security to minors who were brought to Bear Creek property and sexually abused for numerous years.  Bear Creek created, maintained, and allowed to exist an unreasonably dangerous condition by its failure to properly secure its premises, failure to properly supervise its members, failure to have or implement a security plan, failure to investigate and report the continuous sexual assault of minors over the course of at least 4 to 5 years.  Ultimately Adam Isaacks was captured and arrested hiding in his camper at Bear Creek property.

## II.      PARTIES

### A.  Plaintiffs.

7.      Plaintiff, **FAMILY ONE, INDIVIDUALLY AND AS GUARDIAN AND NEXT FRIEND OF MINOR CHILD, ONE**, are individuals of the full age of majority, are the legal guardians of Child One, who is a minor, and all reside in Jasper County, Texas.

8.      Plaintiff, **FAMILY TWO, INDIVIDUALLY AND AS NEXT FRIENDS OF MINOR CHILD TWO**, are individuals of the full age of majority, are the biological mother and father of Child Two, who is a minor, and all reside in Jasper County, Texas.

9.      Plaintiff, **FAMILY THREE, INDIVIDUALLY AND AS NEXT FRIENDS OF MINOR CHILD THREE**, are individuals of the full age of majority, are the biological mother and father of Child Three, who is a minor, and all reside in Jasper County, Texas.

10.     Plaintiff, **FAMILY FOUR, INDIVIDUALLY AND AS NEXT FRIEND OF MINOR CHILD FOUR**, is an individual of the full age of majority, is the biological father of Child Four, who is a minor, and both reside in Jasper County, Texas.

11.     Plaintiff, **FAMILY FIVE, INDIVIDUALLY AND AS NEXT FRIENDS OF MINOR CHILD FIVE**, are individuals of the full age of majority, are the biological father and mother of Child Five, who is a minor, and all reside in Jasper County, Texas.

12.     Plaintiff, **FAMILY SIX, INDIVIDUALLY AND AS NEXT FRIEND OF MINOR CHILD SIX**, is an individual of the full age of majority, is the biological mother of Child Six, who is a minor, and both reside in Jasper County, Texas.

13.     Plaintiff, **FAMILY SEVEN, INDIVIDUALLY AND AS NEXT FRIEND OF MINOR CHILD SEVEN**, is an individual of the full age of majority, is the biological mother of Child Seven, who is a minor, and both reside in Jasper County, Texas.

14.     Plaintiff, **FAMILY EIGHT, INDIVIDUALLY AND AS NEXT FRIENDS OF MINOR CHILD EIGHT,** are individuals of the full age of majority, are the biological mother and father of Child Eight, who is a minor, and all reside in Hardin County, Texas.

15.     Due to the sensitive, private, and potentially retaliatory nature of the Plaintiffs' allegations brought in this Complaint, Plaintiffs request that this Court permit them to proceed under pseudonym.[1]

---

[1] Courts recognize an exception to the general rule that pleadings name all parties when the issues involved are of a sensitive and highly personal nature.  For good cause, as exits here, the Court may permit Plaintiffs to proceed in pseudonym to protect a party from threats, intimidation, annoyance, embarrassment, oppression, or undue burden or expense.  Here, granting pseudonym status is warranted because this litigation will involve the disclosure of

B. **Defendants.**

16.     Defendant, **ADAM DALE ISAACKS ("Adam Isaacks"),** is an individual of the full age of majority and who, at all relevant times of the incidents made the basis of this lawsuit, which are explained more fully below, resided in Silsbee, Hardin County, Texas.  Currently, Adam Isaacks is incarcerated in the Jasper County Jail, located in Jasper, Texas, for pending criminal charges that relate to his actions and/or conduct that Plaintiffs complain herein.  Because Defendant Adam Isaack is incarcerated, he may be served with process through the Jasper County Sheriff at the following address:  **Sheriff Mitchell Newman, Jasper County Sheriff, c/o Adam Isaacks (Inmate), 101 Burch Street, Jasper, Texas 75951.**

17.     Defendant, **MIRANDA LYNN DUKES ISAACKS ("Miranda Isaacks"),** is an individual of the full age of majority who resides in Silsbee, Hardin County, Texas.  Miranda Isaacks is the legal wife of Defendant Adam Isaacks and she was married to Adam Isaacks at all relevant times of the incidents made the basis of this lawsuit, which are explained more fully below.  Miranda Isaacks may be served with process at the following address: **Miranda Lynn Isaacks, 7247 Irland Road, Silsbee, Texas 77656.**

18.     Defendant, **LITTLE LEAGUE BASEBALL, INC. A/K/A LITTLE LEAGUE INTERNATIONAL ("Little League Baseball"),** is a New York nonprofit corporation that is headquartered in Williamsport, Pennsylvania.  Little League Baseball operates as the governing organization and body of all regional and district chapters for Little League Baseball for children

---

stigmatizing sexual information, including sexual assault, molestation and abuse of minors.  Plaintiffs fear the stigma from their family, friends, employers and the community at large, if their identity is revealed in the public record.

Further, the Defendants will not be prejudiced by Plaintiffs' use of pseudonym.  Plaintiffs will agree to reveal their identity to Defendants for the limited purpose of investigating their claims once the Parties herein are governed by a protective order from the Court.  Plaintiffs simply seek redaction of their personal identifying information from the public docket and assurances that Defendants will not use or publish Plaintiffs identity in a manner that will compromise Plaintiffs' personal lives, status within the community at large, employment, or employment prospects.

12 years old or younger, in all 50 states in the United States of America and internationally all over the world.  Little League Baseball has executive officers and a board of directors that direct its daily operations.  Although Little League Baseball conducts regular business in the State of Texas, including Hardin County, Texas, it does not have a registered agent for service of process in Texas. However, Little League Baseball may be served with process through its Chairman of the Board of Directors, who resides and conducts business for Little League Baseball in Houston, Texas, and who can be served at the following address: **Hugh E. Tanner, Chairman, Little League Baseball, Inc. d/b/a Little League International, 800 Capital Street, Ste. 2400, Houston, Texas 77002.**

19.     Defendant, **TEXAS DISTRICT 12 LITTLE LEAGUE ("District 12"),** is a chartered district of Little League Baseball and a business enterprise that is authorized to conduct business in the State of Texas and is headquartered in Lumberton, Hardin County, Texas.  District 12 does not have a registered agent for service of process, but District 12 may be served with process through its District Administrator, who can be served at the following address:  **Ms. Jennifer Roebuck, District Administrator, Texas District 12 Little League, 9080 Ball Park Road, Lumberton, Texas 77657.**

20.     Defendant, **EVADALE LITTLE LEAGUE ("ELL"),** is a nonprofit corporation or entity formed under the laws of the State of Texas and headquartered in Evadale, Jasper County, Texas.  ELL is a chartered chapter of Little League Baseball and a business enterprise that is authorized to conduct business in the State of Texas.  ELL does not have a registered agent for service of process, but ELL may be served with process through its listed Secretary and/or President, who can be served at the following addresses: **Kala Rogers, Secretary, Evadale Little League, 3170 County Road 716, Buna, Texas 77612 or 208 Oglesbee Road, Silsbee, Texas**

77656; or Justin Rogers, President, Evadale Little League, 105 Laurel Steet, Silsbee, Texas 77656.

21.     Defendant, **BEAR CREEK HUNTING CLUB ("Bear Creek"),** is a private hunting club and/or business enterprise formed under the laws of the State of Texas and headquartered in Pineland, Sabine County, Texas.  Bear Creek leases real property (approximately 12,000 acres) in Sabine and San Augustine Counties, Texas, that is used for hunting and other recreational activities (referred to hereinafter as the "leased premises").  The leased premises of Bear Creek were the site of multiple incidents that are made the basis of this lawsuit, which are more fully explained below.  Bear Creek is authorized to conduct business in the State of Texas.  Bear Creek does not have a registered agent for service of process, but Bear Creek may be served with process through its listed President, who can be served at the following address:  **Sandra Kilgore, President, Bear Creek Hunting Club, 303 Bear Creek Road, Pineland, Texas 75968.**

### III. JURISDICTION AND VENUE

22.     The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, and this Court has supplemental jurisdiction over all other claims asserted herein (including all state law claims asserted herein), as such claims are so related to the claims in the action within the Court's original jurisdiction.

23.     The incidents, which are the subject of this complaint, occurred within the Eastern District of Texas.  This Court has personal jurisdiction over the Defendants in this case because the Defendants have purposely availed themselves of the privileges and benefits of conducting business in the State of Texas, including within the Eastern District of Texas.  The claims also arise from Defendants' purposeful contacts with the State of Texas.

24.     Venue is proper in the United States District Court for the Eastern District of Texas – Lufkin Division including Sabine County, Texas, which lies within the Lufkin Division.  The Eastern District of Texas is the judicial district in which all or a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this district and within the Eastern District of Texas, pursuant to 28 U.S.C. § 1391(b)(2).

## IV.  FACTUAL BACKGROUND

### A.     Nature of the Case.

25.     This is a personal injury lawsuit against Defendants relating to the horrendous attacks, acts and/or series of acts committed by Defendant Adam Isaacks as well as the acts, omissions, and/or conduct of the other Defendants named herein, against Plaintiffs that involved the sexual abuse, sexual assault, molestation, physical abuse, and/or mental abuse of the minor Plaintiffs between 2017 and 2021.  As a result of those harmful acts, omissions, federal statutory violations, and/or conduct of Defendants, which are set forth more fully in the paragraphs below, Plaintiffs sustained serious physical and mental harm, to which Plaintiffs seek to recover all damages they are entitled to receive under the law, as well as equitable relief, against all Defendants, who are *jointly and severally* liable to Plaintiffs and minor Plaintiffs.

### B.     Facts of the Case.

26.     Every young boy begins Little League with a dream which has been shared by millions of young boys around the world—to play baseball, make the All-Star team, and, someday, play in the Big Leagues.  For Plaintiffs their first introduction to baseball was through the Evadale Little League and with a coach named Adam Isaacks. Each young player was instructed by Adam Isaacks that he was the coach and if they wanted to play baseball, they had to follow his instructions and demands.  His wife, Miranda Isaacks, acted as the "assistant coach" at practices and games.

27.     The term "coach" is a title of honor and trust in our country and especially in southeast Texas.  Once a coach, always a coach.  Our society gives a certain weight and gravitas to coaches.  It is a title of affection, respect, and trust.

28.     Plaintiffs are victims and survivors of childhood sexual assault, molestation and abuse at the hands of their Little League Baseball Coach and League President, Adam Isaacks.  The abuse started when some minor Plaintiffs were just 7 and 8 years old and continued for a period of years until the age of 11 and 12.  Defendants are liable for the grooming, sexual assaults, molestation, and abuses suffered by the Plaintiffs, as more fully described below.

29.     All such grooming occurred under the authority of Little League Baseball on the baseball field of Evadale Little League, during practices and games.  As the President and Secretary of Evadale Little League, and as coach and assistant coach of Evadale Little League teams, Adam Isaacks and Miranda Isaacks had the total and complete authority to make the line-ups for each and every Little League game, decide who played, what position they played, where they batted in the line-up, and who got pulled from the game and who sat the bench.  Part of the grooming process included invitations to team members to go on trips with the coach, assistant coach, and their son who was a teammate.  Little League Baseball provided Adam Isaacks each year with a list of victims and potential victims and gave him the means and method by which to impose his deviant will.  Adam Isaacks chose his victims from his Evadale Little League baseball roster and freely exploited the position of authority bestowed upon him the institution of Little League Baseball.

30.     Little League Baseball and District 12 participated, assisted, and approved the selection of Adam Isaacks as President of the Little League.  Adams Isaacks was the President of the Evadale Little League ("ELL") from 2019 to 2022.  He had previously served in various

positions on the ELL Board of Directors.  He was an authorized coach of several ELL baseball teams from 2017 to 2021 where he coached boys in age groups of 6 years old to 12 years old. During this time, Adam Isaacks was married to Defendant, Miranda Isaacks, his wife of fifteen years, who served as the Secretary of the ELL as well as assistant coach with her husband.  At all relevant times, Adam Isaacks and his wife, Miranda were residents of Silsbee, Hardin County, Texas and not residents of Evadale, Jasper, County, Texas.

31.     Adam Issacks's assaults and sexual abuse of a Jasper County Little Leaguer was first reported to Jasper Law Enforcement on December 13, 2021.  There were additional assaults committed by Adam Issacks after the initial complaint was given until his arrest on December 30, 2021.  On December 30, 2021, parents and family members of the abused Little Leaguers located Adam Issacks hiding in a trailer located on the Bear Creek Hunting Club in Sabine County, Texas. They surrounded the trailer and blocked escape routes until law enforcement officers from Sabine County took him into custody.   At the time of his arrest and capture, Adam Issacks was President/Coach of ELL.

## Little League Baseball

32.     Little League Baseball is the largest youth sports program in the world.[2]  Little League Baseball is an internationally recognized and sophisticated organization that registers and accepts membership of young boys and girls in the United States—including in Hardin and Jasper Counties, Texas, for the purpose of organizing and placing them on teams to play baseball or softball against other teams in their leagues, districts, regions, and nation and against teams from other countries in a world series tournament that occurs each year.  Little League Baseball is believed to be divided into and operates within eight (8) regions in the United States.

---

[2] *See https://www.littleleague.org/world-series/2022 "The Largest Youth Sports Program"*

33.      While nominally a "non-profit," Little League Baseball is a big business.  Little League Baseball has a lucrative television contact with ESPN/ABC, which runs through 2022, and earns Little League Baseball more than $9 million dollars annually.  For refence, as of 2019, Little League Baseball's television contract was comparable to television deals for the WNBA—$10 million annually—and mid-major college football conferences—$8 million annually for the MAC conference.  Little League Baseball also earns revenue from Little League participants and their parents as part of annual "fees" or "dues."  Parents pay hundreds of dollars annually to Little League for things such as league fees; charter fees; insurance coverage; and other administrative fees.  Indeed, in this case, Plaintiffs paid Little League Baseball all necessary dues and fees to participate.  As of 2020, the organization boasted assets of over $F80 million dollars according to IRS tax filings.  Financial records also show that Little League Baseball reported over $32 million dollars in revenue in 2018 and 2019 and over $22 million dollars in 2020, which was affected by COVID-19.

34.      Each player pays a fee when they register for their local Little League, as did Plaintiffs herein.  This fee is paid to Little League Baseball.  All information contained in the Little League Registration Form including player information, parent/guardian information and medical information is collected and maintained at Little League International.

**Evadale Little League**

35.      Evadale Little League is a member of and under the direction, management and control of Texas District 12 Little League and Little League Baseball.  Further, ELL and Texas District 12 have been and are chartered members of and under the direction, management and control of Little League Baseball.

**Texas District 12 Little League**

36.     Texas is positioned within the Southwest Region.  In Texas, there are approximately thirty-eight (38) Little League Districts.  District 12 in Texas includes approximately sixteen (16) Little Leagues, including ELL.

37.     Each of the Little League Districts are given authority and responsibility by Little League Baseball to represent Little League Baseball in all matters pertaining to the operations and safety of "our Little League Programs".  Little League Baseball directs, manages and controls the executives, presidents, boards of directors, and coaches for each District and each Little League, including ELL.

38.     Each District within the organizational structure of Little League Baseball has a District Administrator and a District Staff who are selected by and perform their job functions pursuant to rules and procedures mandated by Little League Baseball.

**District Administrator**

39.     Little League Baseball defines the responsibilities of the District Administrator as follows:

> "The District Administrator has been elected by the League Presidents to serve the operational needs of the district and is expected to understand the tasks that must be accomplished to move the district forward."

Little League Baseball defines the role of the District Administrator as:

> "The District Administrator is the liaison between the local leagues, the regional center, and the little league international."

40.     Little League Baseball instructs the following regarding appointing Assistant District Administrators:

> "No District Administrator is expected to manage a District without help. It is important to choose wisely, selecting volunteers to serve on the District Staff."

41.     Little League Baseball further instructs:

"A District Staff will be appointed annually and is responsible for maintaining and servicing the local leagues in the District.  The District Staff which may be comprised of current or former local league officials/members of the Board of Directors with representation from a majority of the leagues."

42.     District 12 Little League had at all times relevant to the assaults and abuse of the ELL Little Leaguers, a District Administrator and a District Staff compromised of positions of a Secretary, ADA Baseball, UIC Baseball, Umpire Consultant Baseball, ADA Softball, ADA Softball, UIC Softball, Umpire Consultants Softball, Treasurer and Safety Officer.

43.     Little League Baseball states that:

"There are a minimum of eight standards designed to sustain and enhance a District Administrator's ability to support and lead the local leagues he or she has been elected to serve.  These standards become the tenets of effective District Administrators and service to local leagues.   All District Administrators will sign a letter agreement as an indication of their intent to provide the highest level of consistent quality service."

44.     The eight minimum standards are listed by Little League Baseball as:

1) District Organization Structure
2) Communication and Responsiveness
3) Meetings
4) Education
5) League Reporting/Monitoring
6) Management of the International Tournament
7) Financial; and
8) A Safety Awareness Program (ASAP)

45.     Little League Baseball requires all local leagues to use the "Little League Official Volunteer Application" for all managers, coaches, members on the board of directors, and any other person, volunteer, and/or hired worker who provides regular service to the league and/or access to minors.  An annual background check in compliance with Little League Regulations 1(c)

8 and 9 is required to be conducted on every individual before the applicant assumes any of his/her duties for the current season.

46.      On November 16, 2021 at 10:27 a.m., Bonnie Wheeland (Little League International, 539 U.S. Highway 15, South Williamsport, Pennsylvania 17702) sent an email to ELL and District 12 stating that ELL was on "non-compliance hold" because Little League Baseball did not receive ELL's verification that ELL's 2021 background checks were completed. Little League Baseball defines "Noncompliance Hold" as "[a]ny league that did not submit the required signatures confirming background checks were completed for the previous season."[3] Thus, it appears that Little League Baseball and District 12 allowed ELL to compete without any verification of background checks for the entire 2021 season in violation of the Safe Sports Act and Little League Baseball's own policies and procedures.

47.      Little League Baseball established a policy that the "local president shall only share, on a need-to-know basis, any personal, non-public record or information in volunteer application or attached documents, with other league officers to make personnel decisions."  "The League President is solely responsible for maintaining the background check file."  Little League Baseball instructs its Local Presidents concerning how to properly handle sensitive documents by suggesting these records be kept at the "League Presidents home."

### 1.  Adam and Miranda Isaacks were in a position of trust and authority.

48.      During his tenure with ELL, Adam Isaacks was a coach of several boys' Little League baseball teams (*i.e.*, boys' age groups ranged from 6 to 12 years old).  All of the minor Plaintiffs were members of ELL and members of Adam Isaacks' baseball teams at one time or

---

[3] *See https://www.littleleague.org/university* *"Defining the Different Types of Little League Charter Holds"*

another, and thereby under the direction, management and/or control of District 12 and Little League Baseball at all relevant times.

49.     The respect and stature granted to Adam Isaacks as coach, President, agent, and vice-principal of ELL accorded him by Little League Baseball gave him the opportunity and means to entice and groom victims over numerous years.

50.     The respect and stature granted to Miranda Isaacks as Secretary of ELL, "assistant coach," agent, and vice-principal accorded her by Little League Baseball gave her the opportunity and means to entice and groom victims over numerous years.

51.     As President, coach, role model and mentor, Adam Isaacks caused his young, trusting victims to be subjected to the described acts by exploiting and manipulating their emotional dependency on him as well as drugging them.

52.     Pursuant to Little League Baseball and District 12, the ELL President was vested with authority to execute policies established by ELL, present a report of the condition of the league at the Annual Meeting, communicate with the board of directors, and was "responsible for the conduct of the Local League in strict conformity to the policies, principles, and Rules and Regulations of Little League Baseball, Inc., as agreed to under the conditions of the charter issued the Local League by that organization"[4] and is charged with the duty to "investigate complaints, irregularities, and conditions detrimental to the Local League and report thereon to the Board or Executive Committee[.]"

53.     Adam Isaacks worked under the control and at the direction of Little League Baseball and communicated directly with its Williamsport, Pennsylvania headquarters.  On March 10, 2021, Adam Isaacks collected money from the parents of ELL (minor Plaintiffs) on behalf of

---

[4] *See ELL Constitution.*

Little League Baseball and paid the collected money ($1425.11) directly to Little League Baseball, located in Williamsport Pennsylvania for the fees and charter for the 2021 season.  Little League Baseball communicated numerous directives and instructions directly to President Adam Isaacks as the agent, employee, and representative of Little League Baseball.

54.     Little League Baseball recognizes "[t]he local Little League President is the most visible local league position in the program," and "the League President is the officer with whom Little League International maintains contact and holds accountable for the entire local operation" of each respective league.[5]   To that end, Little League Baseball recognizes that the "League President should be the most informed officer of the league" and "must know the regulations under which Little League operates and, in authorizing the annual application for charter, binds all members of the league to faithfully observe the regulations."[6]

55.     Little League Presidents are also "encouraged to work closely with their District Administrators and Little League International staff to provide guidance and avoid potential situations."[7]  Little League Baseball has acknowledged that "the League President is also the face of your local Little League program" and "the League President presides over league meetings and assumes full responsibility for the operations of the local league."[8]

### 2. Little League Baseball and District 12 have independent duties and obligations to local leagues.

56.     Little League Baseball and District 12 also have duties and obligations with respect to the oversight of local leagues.  For example, Little League Baseball requires all local leagues to

---

[5] *See https://www.littleleague.org/university/ "League President: Local League Role."*
[6] *Id.*

[7] *Id.*

[8] *Id.*

conduct annual background checks.  Moreover, ELL's registration form notes that if a controversy arises regarding a players' residence, school attendance, or age, the decision of Little League International Charter Committee in Williamsport, Pennsylvania is final and binding.  Proper documentation on players must be provided by the local league to Little League Baseball, which documents and monitors such information.  Thus, Little League Baseball and District 12 have control of and direct relationship with the operations of each local league, including ELL.  For instance, Little League Baseball and District 12 exert direct control over ELL's social media.

57.    Little League Baseball created a Child Protection Program and adopted the *Safe Sports Act*.  On or around 2016 allegations became public against gymnastics coach Larry Nassar leading hundreds of former gymnasts to come forward with allegations of sexual abuse.  In 2017 Nassar pleaded guilty to charges of federal child pornography and at least ten charges of sexual assault.  The very public Nassar investigation in which an army of survivors detailed decades of sexual abuse prompted national attention and reform in both Olympic and amateur sports.  It is against this backdrop that Congress passed the Protecting Young Victims from Sexual Abuse and Safe Sports Authorization Act ("Safe Sports Act") of 2017.

58.    The *Safe Sports Act* is a federal law that was enacted to prevent the sexual abuse of minors and amateur athletes by holding organizations involved in youth sports to an increased standard of care, requiring mandatory background checks, expanding mandatory reporting requirements, and requiring prevention training and policies.  The *Safe Sports Act* requires the prompt reporting of sexual abuse (*i.e.*, within 24 hours of learning of any suspicious behavior) to law enforcement authorities, and the provision of training to adults who are in regular contact with amateur athletes who are minors, regarding prevention of sexual abuse and reporting.  The *Safe*

*Sports Act* and its adopted principles require Little League Baseball, District 12, and ELL to take actions to protect children participating in youth sports, specifically Little League Baseball.

59.     ELL, District 12, and Little League Baseball adopted the *Safe Sports Act* as part of Little League Baseball's Child Protection Program.  Little League Baseball has acknowledged that "[t]he safety and well-being of all participants in the Little League program is paramount" and the severity of incidents of sexual abuse "is life-altering for the child and all who are involved."[9]  Little League Baseball represented its commitment "to enforcing the Child Protection Program" and has the ability to suspend league participation and revoke league charters for violation of Little League Baseball's Child Protection Program.  Little League Baseball's policies require all chartered Little League Programs to conduct background checks on volunteers and hired workers, adhere to the federally mandated reporting requirements, adopt policies that limit one-one-one contact between adult participants and minors, and provide abuse awareness training.[10]

60.     Little League Baseball's Child Protection Program is necessary due to the known prevalence of sexual abuse in youth and league sports across this Country in recent decades.  Little League Baseball instructs local Little League Programs to establish "a zero-tolerance culture" that prohibits activities, which would allow for abuse.[11]   Policies, procedures, and safeguards are necessary and required.

61.     Likewise, District 12 works with Little League Baseball and their respective local leagues to implement and oversee various aspects of the local Little League Programs.  For example, "[o]ne of the important functions of the District Administrator is to monitor the activities

---

[9] *See* https://www.littleleague.org/downloads/ii-child-protection-program *"Little League Child Protection Program"*

[10] *Id.*

[11] *Id.*

of the constituent leagues within their district."[12]  "Effective monitoring includes providing league reminders about important milestones and tasks to ensure compliance with regulations and policies."[13]  Little League Baseball and District 12 recognize that "[t]he League Data Center is a crucial tool in monitoring league activities."[14]

62.     Little League Baseball and District 12 also acknowledge that "[f]or a parent or guardian to consider placing a child in a local league, there must be an assurance that the child will be entering a healthy and safe environment."[15]  Notably, Little League Baseball "emphasizes that volunteers should always follow basic safety procedures to limit-one-on-one interactions," and the league's district, in this case District 12, "is integral in assisting leagues in providing a safe and healthy environment for its players, parents, and volunteers around the world."[16]  To that end, District 12 had at its disposal "the Little League Safety Awareness Program (ASAP)," which should have been used to assist with league safety efforts.  District staff have the ability "to implement and ensure ASAP plans are executed in local leagues."[17]  The stated goal of each district "shall be 100 percent compliance amongst the leagues in the district."[18]

63.     ELL and District 12 did not implement an ASAP plan or any other safety precautions, procedures, or training.  ELL and District 12 failed to adopt a policy that limits one-on-one contact with minors; nor did Little League Baseball properly monitor District 12 or ELL's

---

[12]  *See*  *https://www.littleleague.org/downloads/d-standards-booklet*  *"The District Administrator Standards for Exceptional Leadership and Volunteer Service."*

[13]  *Id.*

[14]  *Id.*

[15]  *Id.*

[16]  *Id.*

[17]  *Id.*

[18]  *Id.*

operations.  This is so despite access to regional and international staff and current technologies, including a Little League Data Center.

64.     In short, the general policies of Little League Baseball with regard to player safety were not enforced or implemented.  Likewise, District 12 did not comply with its obligation to implement safety awareness, warn, educate, train, monitor and report compliance of the same. With a complete lack of training, education, implemented safeguards, policies, procedures, or oversight Adam Isaacks easily undertook a calculated and extensive scheme to groom and sexually abuse, molest, and assault young boys who participated in ELL.

### 3. Little League President Isaacks exploited his position to groom and sexually abuse and assault players for years without safeguards, oversight, or reporting.

65.     During his time as President of the ELL and as a coach for each of his Little League baseball teams within ELL, Adam Isaacks−with the assistance and knowledge of Miranda Isaacks−began a campaign of grooming the members of his young baseball teams (which included the minor Plaintiffs) for his deviant gratification.  This grooming campaign included but was not limited to inviting the minor Plaintiffs to go on overnight trips and sleepovers with the coach, assistant coach Miranda and/or son, and other team members, such as camping, riding recreational vehicles, and/or hunting trips with him at the Bear Creek Hunting Club in Sabine County, Texas, and trips across state lines to Georgia, Florida, Colorado, and Arkansas.

66.     During the trips, League President Isaacks would position himself to be one-on-one with the minor Plaintiffs.  The camping "sleepovers" included sleeping in Issacks' small camper at the Bear Creek Hunting Club, where Adam Isaacks would share a bed with one or two of the minor Plaintiffs.  Additionally, upon information and belief, at other times Adam Isaacks made arrangements for some of the minor Plaintiffs to sleep overnight at his home in Silsbee, Texas,

where additional attacks occurred. Occasionally, Adam Isaacks would also share a bed with one of the minor Plaintiffs and his own minor son, with the individual minor Plaintiff sleeping between Adam Isaacks and his own son and/or Miranda.

67.     Working as a team, Adam and Miranda embarked on a campaign to groom the Little Leaguers who played on the teams coached by the Isaacks and who were teammates of their son.  They conspired to build trust and confidence in the families of the minor Plaintiffs especially the mothers by acts taken, either individually or jointly, in furtherance of their scheme.  These include but are not limited to contribution to birthday fundraisers in the name of the mothers for various victims or intended victims, injecting themselves into the daily lives of the various players under the pretense of the coach and assistant coach, and wife/mother of a teammate.

68.     The Isaacks continually undertook efforts under the purview of Little League Baseball to build the trust of ELL families and players. For example, in May of 2021, the Isaacks paid to have pink jerseys made for each boy with the name of each boy's mother on the back of the jersey, and bought pink roses for each boy, many of which were victims of Isaacks's abuse, to present to their mothers on the ELL field while wearing the jersey specially created by Isaacks.

69.     Further, Adam Isaacks posted content on social media intended to entice and build trust in unsuspecting Little League families.  Adam Isaacks's Facebook page is littered with comments regarding coaches. For example, on October 8, 2020, Issacks states:

THIS IS WHY . . .

I COACH YOU
Because I care about you.

I CHALLENGE YOU
Because I care about you.

I EXPECT YOUR COMMITMENT
Because I know your family and job will.

Page **25** of **62**

I HOLD YOU ACCOUNTABLE
Because life will hold you accountable.

70.     On December 8, 2020, Adam Isaacks posted the following on his Facebook page:

"I LOVE my players" should never
hinge on baseball success

Conditional love - when you're pitching well,
Just hit a double, after a win . . .

Unconditional love - pays no attention
to results it's about people, period!
Fall in love with the PERSON first &
Watch what happened.

71.     The grooming activities, which constituted preparatory offenses under the Texas Penal Code § 15.01, 15.02, and 15.031, of Adam Isaacks were extensive and planned and the sexual abuse and assaults were constant and continuous.  The grooming, abuse and assaults were year-round and undertaken on a weekly basis.  Adam Isaacks was constantly taking his baseball players to his deer camp at Bear Creek, and he spent nearly every weekend with ELL baseball players.  In addition to his continuous activities and abuse at Bear Creek, Adam Isaacks undertook trips and getaways with his Little League Baseball players outside of Bear Creek and/or across state lines in violation of federal law.  For example, the following are but a small snapshot of such trips and getaways; however, there were many, many more:

72.     August 2, 2020, Isaacks took several ELL baseball players on a trip to the lake.

73.     August 22, 2020, Isaacks took several ELL baseball players to the lake for a "boys weekend."

74.     September 7, 2020, Isaacks took several ELL baseball players to a campground in Hot Springs Arkansas.

75.     September 24, 2020, Isaacks took several ELL baseball players to the lake.

76.     October 1, 2020, Isaacks flew to Atlanta Georgia with several Little League Baseball players, by way of Bush Intercontinental Airport, to watch the Atlanta Braves play baseball and have a weekend away.

77.     October 25, 2020, Isaacks took several ELL baseball players on a trip where they spent the weekend playing in a pool and hot tub at a hotel and/or campground.

78.     November 29, 2020, Isaacks took several ELL baseball players to a campground in Hot Springs Arkansas where they spent time riding jeeps and/or four wheelers on a "Thanksgiving boys trip."

79.     December 22, 2020, Isaacks took several ELL baseball players to campground in Boykin Springs where they had "3 days of absolutely no cell service or wifi."

80.     February 17, 2021, Isaacks took several ELL baseball players to a cabin and/or campground in Oklahoma during their winter break.

81.     March 17, 2021, Isaacks took several ELL baseball players with him to a monster truck show in Lufkin, for a "Quick little get away to Lufkin to watch the monster trucks" and then took the boys camping at Boykin Springs.

82.     May 2, 2021, Isaacks took several ELL baseball players to the lake.

83.     May 31, 2021, Isaacks took several ELL baseball players to Katemcy Rocks Offroad Park.

84.     July 4, 2021, Isaacks took several ELL baseball players to Colorado camping.

85.     October 2, 2021, Isaacks took several ELL baseball players back to Atlanta Georgia to watch the Braves play baseball in Atlanta.  During this trip, Isaacks took the group of boys to the movie theatre to see "Candyman."

86.     November 28, 2021, Isaacks took several ELL players to a campground in Hot Springs Arkansas.

87.     On each and every trip, Adam Isaacks was accompanied by ELL baseball players and his wife Miranda and/or his son.

88.     During his trips with the minor Plaintiffs, Adam Isaacks sexually abused, sexually assaulted, molested, physically abused, and/or mentally abused the minor Plaintiffs.

89.     The Isaacks also had explicit sex toys and pornography in their camper at Bear Creek and/or home that were shown to each of the minor Plaintiffs as part of the grooming and abuse of the minor Plaintiffs.  At times, Adam Isaacks would provide the minor Plaintiffs alcohol and/or drugs, which they ingested and rendered them unconscious, impaired, and/or vulnerable to Isaacks's attacks.  While unconscious, impaired, and/or vulnerable, the minor Plaintiffs were each subjected to numerous or continuous sexual abuse and attacks by Adam Isaacks.

90.     Plaintiffs were young, innocent, immature and unsophisticated.  They were on numerous occasions drugged by their coach.  They were not capable of understanding the wrongful nature of the activity that was being inflicted upon them.

91.     At all times mentioned in this Complaint, the minor Plaintiffs were in the care, custody, and control of Adams Isaacks.  Because of their youth and of the coach/player relationship between the minor Plaintiffs and Adam Isaacks, the minor Plaintiffs were completely and continually dependent on Adam Isaacks, and reasonably relied on Adam Isaacks to take care of them, protect them, and to act in their best interest at all times.

92.     At all times mentioned in this Complaint, and as a result of the coach/player relationship between the minor Plaintiffs and Adam Isaacks, Adam Isaacks owed to the Plaintiffs and minor Plaintiffs the duties commensurate with a relationship of trust and confidence.

93.     At all times mentioned in this Complaint, Adam Isaacks was in a position of complete authority over the minor Plaintiffs.  From this position of authority, Adam Isaacks exerted his dominance through mental and/or physical coercion and duress on the minor Plaintiffs in order to force them to engage in the lewd, lascivious, and sexual acts complained of in this Complaint.  At no time did the minor Plaintiffs willingly consent to the acts of Adam Isaacks.  Due to their extremely young age, as a matter of law, the minor Plaintiffs did not have the legal capacity to consent to the acts of Adam Isaacks.  The abuse began when some of the Plaintiffs were 7-8 years old.

94.     Adam Isaacks acts were carried out in secret, away from the sight and knowledge of the parents or guardians of the minor Plaintiffs; thus, causing the minor Plaintiffs to feel trapped, isolated, alone, and cut off from others.  Throughout the period of abuse, Adam Isaacks intentionally or knowingly subjected the minor Plaintiffs to grooming, physical force, intimidation, threats, and duress to ensure the secrecy of the ongoing sexual assaults and abuse.

95.     At all times mentioned in this Complaint, Adam Isaacks misrepresented and concealed from the Plaintiffs and/or the parents or guardians of the minor Plaintiffs, the wrongful nature of the sexual abuse.

96.     Additionally, throughout the times mentioned in this Complaint, Defendant, Miranda Isaacks knew or should have known of Adam Isaacks' acts, attacks, and/or conduct toward the minor Plaintiffs.  She either intentionally or negligently failed to report the sexual abuse to law enforcement and/or anyone in a position to protect the minor Plaintiffs, including the adult parents of minor Plaintiffs.

97.     At all times mentioned in this Complaint, Defendants, Miranda Isaacks, District 12, ELL, and Little League Baseball, knew or should have known of Adam Isaacks' acts, attacks

and/or conduct toward the minor Plaintiffs, and they either intentionally or negligently failed to report the sexual abuse to law enforcement and/or anyone in a position to protect the minor Plaintiffs.

98.     The wrongful actions and sexual abuse by Adam Isaacks and the actions, inactions, omissions, federal statutory violations, and/or conduct of Defendants, Miranda Isaacks, District 12, ELL, and Little League Baseball, proximately caused the minor Plaintiffs to suffer from severe physical and mental injury and harm which will require extensive and continuing professional care and treatment.

### C.    Additional Facts Relating to Minor Plaintiff, Child One.

99.     In addition to the facts stated above, Plaintiff, Family One and Minor Plaintiff, Child One, allege that from approximately 2018 through 2021, Child One suffered physical sickness, mental anguish and injuries as a result of sexual assaults at the hands of Adam Isaacks, while Adam Isaacks was the President of ELL and as Child One's Little League Coach.  At the time of these incidents, Adam Isaacks was under the supervision, management, direction, employment and/or control of Defendants, District 12, ELL, and Little League Baseball.  Child One further alleges that Adam Isaacks secretly slipped alcohol and/or drugs to Child One and other members of his Little League baseball team (without their knowledge or awareness) in violation of the *Texas Alcoholic Beverage Code, § 106.06,* or similar laws, and that these actions were a violation of the *Texas Penal Code* and are considered contributing to the delinquency of a minor, which constitute negligence *per se*.  Adam Isaacks used his position as a vice-principal and trusted executive officer of the ELL, as a coach, and as a trusted agent of ELL, District 12, and Little League Baseball and as a role model and mentor to gain the trust and confidence of Child One and his family in order to sexually assault Child One.  The interaction and grooming of the minor

Plaintiffs occurred, at least in part, on ELL property, among others places, as stated above, which led to the sexual assaults.

      **D.**    **Additional Facts Relating to Minor Plaintiff, Child Two**.

     100.    In addition to the facts stated above, Plaintiffs, Family Two and Minor Plaintiff, Child Two, allege that during approximately 2019 through 2021, Child Two suffered physical sickness, mental anguish and injuries as a result of sexual assaults at the hands of Adam Isaacks, while Adam Isaacks was the president of ELL and as Child Two's Little League coach.  At the time of these incidents, Adam Isaacks was under the supervision, management, direction, employment and/or control of Defendants, District 12, ELL and Little League Baseball.  Child Two further alleges that Adam Isaacks secretly slipped alcohol and/or drugs to Child Two and other members of his Little League baseball team (without their knowledge or awareness) in violation of the *Texas Alcoholic Beverage Code, § 106.06,* or similar laws, and that these actions were a violation of the *Texas Penal Code* and are considered contributing to the delinquency of a minor, which constitute negligence *per se*.  Adam Isaacks used his position as a trusted executive officer of the ELL, as a coach, and as a trusted agent of ELL, District 12, and Little League Baseball and as a role model and mentor to gain the trust and confidence of Child Two and his family in order to sexually assault Child Two.  The interaction and grooming of the minor Plaintiffs occurred, at least in part, on ELL property, among others places, as stated above, which led to the sexual assaults.

      **E.**    **Additional Facts Relating to Minor Plaintiff, Child Three**.

     101.    In addition to the facts stated above, Plaintiffs, Family Three and Minor Plaintiff, Child Three, allege that during approximately 2019 through 2021, Child Three suffered physical sickness, mental anguish and injuries as a result of sexual assaults at the hands of Adam Isaacks, while Adam Isaacks was the president of ELL and as Child Three's Little League coach.  At the

time of these incidents, Adam Isaacks was under the supervision, management, direction, employment and/or control of Defendants, District 12, ELL, and Little League Baseball. Child Three further alleges that Adam Isaacks secretly slipped alcohol and/or drugs to Child Three and other members of his Little League baseball team (without their knowledge or awareness) in violation of the *Texas Alcoholic Beverage Code, § 106.06,* or similar laws, and that these actions were a violation of the *Texas Penal Code* and are considered contributing to the delinquency of a minor, which constitute negligence *per se*. Adam Isaacks used his position as a trusted executive officer of the ELL, as a coach, and as a trusted agent of ELL, District 12, and Little League Baseball and as a role model and mentor to gain the trust and confidence of Child Three and his family in order to sexually assault Child Three. The interaction and grooming of the minor Plaintiffs occurred, at least in part, on ELL property, among others places, as stated above, which led to the sexual assaults.

### F.    Additional Facts Relating to Minor Plaintiff, Child Four.

102.    In addition to the facts stated above, Plaintiff, Family Four and Minor Plaintiff, Child Four, allege that during approximately 2019 through 2021, Child Four suffered physical sickness, mental anguish and injuries as a result of sexual assaults at the hands of Adam Isaacks, while Adam Isaacks was the president of ELL and as Child Four's Little League coach. At the time of these incidents, Adam Isaacks was under the supervision, management, direction, employment and/or control of Defendants, District 12, ELL, and Little League Baseball. Child Four further alleges that Adam Isaacks secretly slipped alcohol and/or drugs to Child Four and other members of his Little League baseball team (without their knowledge or awareness) in violation of the *Texas Alcoholic Beverage Code, § 106.06,* or similar laws, and that these actions were a violation of the *Texas Penal Code* and are considered contributing to the delinquency of a

minor, which constitute negligence *per se*.  Adam Isaacks used his position as a trusted executive officer of the ELL, as a coach, and as a trusted agent of ELL, District 12, and Little League Baseball and as a role model and mentor to gain the trust and confidence of Child Four and his family in order to sexually assault Child Four.  The interaction and grooming of the minor Plaintiffs occurred, at least in part, on ELL property, among others places, as stated above, which led to the sexual assaults.

### G.    Additional Facts Relating to Minor Plaintiff, Child Five.

103.    In addition to the facts stated above, Plaintiffs, Family Five and Minor Plaintiff, Child Five, allege that during approximately 2017 through 2021, Child Five suffered physical sickness, mental anguish and injuries as a result of sexual assaults at the hands of Adam Isaacks, while Adam Isaacks was the president of ELL and as Child Five's Little League coach.  At the time of these incidents, Adam Isaacks was under the supervision, management, direction, employment and/or control of Defendants, District 12, ELL, and Little League Baseball.  Child Five further alleges that Adam Isaacks secretly slipped alcohol and/or drugs to Child Five and other members of his Little League baseball team (without their knowledge or awareness) in violation of the *Texas Alcoholic Beverage Code, § 106.06,* or similar laws, and that these actions were a violation of the *Texas Penal Code* and are considered contributing to the delinquency of a minor, which constitute negligence *per se*.  Adam Isaacks used his position as a trusted executive officer of the ELL, as a coach, and as a trusted agent of ELL, District 12, and Little League Baseball and as a role model and mentor to gain the trust and confidence of Child Five and his family in order to sexually assault Child Five.  The interaction and grooming of the minor Plaintiffs occurred, at least in part, on ELL property, among others places, as stated above, which led to the sexual assaults.

H.     **Additional Facts Relating to Minor Plaintiff, Child Six**.

104.     In addition to the facts stated above, Plaintiff, Family Six and Minor Plaintiff, Child Six, allege that during approximately 2019 through 2021, Child Six suffered physical sickness, mental anguish and injuries as a result of sexual assaults at the hands of Adam Isaacks, while Adam Isaacks was the president of ELL and as Child Six's Little League coach.  At the time of these incidents, Adam Isaacks was under the supervision, management, direction, employment and/or control of Defendants, District 12, ELL, and Little League Baseball.  Child Six further alleges that Adam Isaacks secretly slipped alcohol and/or drugs to Child Six and other members of his Little League baseball team (without their knowledge or awareness) in violation of the *Texas Alcoholic Beverage Code, § 106.06,* or similar laws, and that these actions were a violation of the *Texas Penal Code* and are considered contributing to the delinquency of a minor, which constitute negligence *per se*.  Adam Isaacks used his position as a trusted executive officer of the ELL, as a coach, and as a trusted agent of ELL, District 12, and Little League Baseball and as a role model and mentor to gain the trust and confidence of Child Six and his family in order to sexually assault Child Six.  The interaction and grooming of the minor Plaintiffs occurred, at least in part, on ELL property, among others places, as stated above, which led to the sexual assaults.

I.     **Additional Facts Relating to Minor Plaintiff, Child Seven**.

105.     In addition to the facts stated above, Plaintiff, Family Seven and Minor Plaintiff, Child Seven, allege that in 2021, Child Seven suffered physical sickness, mental anguish and injuries as a result of sexual assaults at the hands of Adam Isaacks, while Adam Isaacks was the president of ELL and as Child Seven's Little League coach.  At the time of these incidents, Adam Isaacks was under the supervision, management, direction, employment and/or control of Defendants, District 12, ELL, and Little League Baseball.  Child Seven further alleges that Adam Isaacks secretly slipped alcohol and/or drugs to Child Seven and other members of his Little

League baseball team (without their knowledge or awareness) in violation of the *Texas Alcoholic Beverage Code, § 106.06,* or similar laws, and that these actions were a violation of the *Texas Penal Code* and are considered contributing to the delinquency of a minor, which constitute negligence *per se*.  Adam Isaacks used his position as a trusted executive officer of the ELL, as a coach, and as a trusted agent of ELL, District 12, and Little League Baseball and as a role model and mentor to gain the trust and confidence of Child Seven and his family in order to sexually assault Child Seven.  The interaction and grooming of the minor Plaintiffs occurred, at least in part, on ELL property, among others places, as stated above, which led to the sexual assaults.

**J.**     **Additional Facts Relating to Minor Plaintiff, Child Eight**.

106.     In addition to the facts stated above, Plaintiffs, Family Eight and Minor Plaintiff, Child Eight, allege that during approximately 2018 through 2021, Child Eight suffered physical sickness, mental anguish and injuries as a result of sexual assaults at the hands of Adam Isaacks, while Adam Isaacks was the president of ELL and as Child Eight's Little League coach.  At the time of these incidents, Adam Isaacks was under the supervision, management, direction, employment and/or control of Defendants, District 12, ELL, and Little League Baseball.  Child Eight further alleges that Adam Isaacks secretly slipped alcohol and/or drugs to Child Eight and other members of his Little League baseball team (without their knowledge or awareness) in violation of the *Texas Alcoholic Beverage Code, § 106.06,* or similar laws, and that these actions were a violation of the *Texas Penal Code* and are considered contributing to the delinquency of a minor, which constitute negligence *per se*.  Adam Isaacks used his position as a trusted executive officer of the ELL, as a coach, and as a trusted agent of ELL, District 12, and Little League Baseball and as a role model and mentor to gain the trust and confidence of Child Eight and his family in order to sexually assault Child Eight.  The interaction and/or grooming of the minor Plaintiffs

occurred, at least in part, on ELL property, among others places, as stated above, which led to the sexual assaults.

## V.    SUMMARY OF CLAIMS

107.    Adam Isaacks was a representative, vice-principal, employee, agent, ostensible agent and/or servant of Defendants, ELL, District 12, and Little League Baseball.

108.    Alternatively, Adam Isaacks was a non-employee agent of Defendants, ELL, District 12, and Little League Baseball, and subject to their supervision, control, management, direction and/or oversight.

109.    Miranda Isaacks was a representative, vice-principal, employee, agent, ostensible agent and/or servant of Defendants, ELL, District 12, and Little League Baseball.

110.    Alternatively, Miranda Isaacks was a non-employee agent of Defendants, ELL, District 12, and Little League Baseball, and subject to their supervision, control, management, direction and/or oversight.

111.    At the time of the incidents alleged and complained of herein by Plaintiffs and the minor Plaintiffs, Adam Isaacks was the President of ELL, serving at the pleasure of the Defendants, ELL, District 12, and Little League Baseball, and receiving financial support and other benefits, from such Defendants.  Acting within the course and scope of his position, Adam Isaacks had access to and personal contact with the Plaintiffs and minor Plaintiffs. His position as President and Coach also enabled Adam Isaacks to become familiar with and gain access to children, including the minor Plaintiffs.

112.    Adam Isaacks's sexual misconduct was in violation of state and federal criminal statutes for sexual assault of minors, which constitutes negligence *per se*.  Adam Isaacks's sexual misconduct includes, but is not limited to, conduct described under the following the sections of

the *Texas Penal Code*: § 21.01 (Sexual Offenses); § 21.02 (Continuous Sexual Abuse of a Young Child or Children); § 21.08 (Indecent Exposure); § 21.11 (Indecency with a Child); § 22.011 (Sexual Assault); § 22.021 (Aggravated Sexual Assault); § 22.01 (Assault); § 22.04 (Injury to a Child, Elderly Individual or Disabled Individual); § 43.25 (Sexual Performance by a Child); 18 U.S.C. § 1591 ("Sex Trafficking of Children"), and the following of the United States Code: U.S.C. § 2241 ("Aggravated Sexual Abuse"), § 2242 ("Sexual Abuse"), § 2243 ("Sexual Abuse of a Minor"), § 2251 ("Sexual Exploitation of Children"), and § 2423 ("Transportation of Minors").

113.    Defendants ELL, District 12, and Little League Baseball were negligent in the selection, assignment, retention, and supervision of Adam Isaacks because they knew or should have known that Adam Isaacks was sexually dangerous to minor boys and young males. Defendants allowed Adam Isaacks unfettered, unregulated, and uncontrolled access to ELL players, by which he freely and frequently sexually abused and assaulted minor Plaintiffs. Defendants failed to take reasonable steps to implement reasonable standards and safeguards to avoid unlawful acts of sexual contact.  Defendants also failed to educate and train participants in the ELL on standards necessary to maintain a safe environment and signs of grooming or abuse.

114.    Adam Isaacks's access to the minor Plaintiffs was by and through his position as President of ELL, as a coach in good standing, and as a vice-principal of ELL, District 12, and Little League Baseball, all of which positions were granted to him by ELL, District 12, and Little League Baseball.  The grooming and sexual abuse of the minor Plaintiffs resulted from the authority, power and access associated with Adam Isaacks's positions with ELL, District 12, and Little League Baseball.

115.    It is believed that Defendants Miranda Isaacks, ELL, District 12, and Little League Baseball received reports and/or warnings about Adam Isaacks over several years and failed to warn parents and the public about his sexual misconduct.  Instead, Defendants Miranda Isaacks, ELL, District 12, and Little League Baseball, allowed Adam Isaacks to gain access and authority over children, including the minor Plaintiffs.  Therefore, Defendants Miranda Isaacks, ELL, District 12, and Little League Baseball aided and abetted Adam Isaacks's sex crimes by enabling and empowering him for several years, as indicated herein.

116.    Defendants Miranda Isaacks, ELL, District 12, and Little League Baseball had both the authority and the responsibility to supervise and monitor the activities of Adam Isaacks or, at the very least, to warn parents and the public that he was a sexual risk to young boys, including the minor Plaintiffs.  They did neither. They either actively concealed these material facts or were purposefully silent when they had a duty to speak and to protect children from being sexually assaulted by Adam Isaacks. Further, Defendants ELL, District 12, and Little League Baseball, conspired with Adam Isaacks and others, including Miranda Isaacks and others known and unknown at this time to Plaintiffs, to conceal Adam Isaacks' abuse of minors.  During this conspiracy, Defendants Miranda Isaacks, ELL, District 12, and Little League Baseball actively concealed from the victims, the parents and the public what they knew about Adam Isaacks' propensity for sexual misconduct.

117.    Plaintiffs further allege that Defendants Miranda Isaacks, ELL, District 12, and Little League Baseball concealed Adam Isaacks' psycho-sexual disorders and covered up his crimes to avoid scandal, thus, furthering acts of fraud, fraudulent concealment, and breach of fiduciary duty, and giving rise to a civil conspiracy.

118.   Accordingly, the adult Plaintiffs' discovery of their claims was delayed and concealed by fraud and fraudulent concealment, including continuing overt acts to the present, in furtherance of a civil conspiracy, and other causes of action against these Defendants despite reasonable diligence on the part of Plaintiffs.

119.   Defendants Miranda Isaacks, ELL, District 12, and Little League Baseball were in a confidential, fiduciary, or special relationship with Plaintiffs grounded upon the duty of good faith and fair dealing and the obligation to act with the highest degree of trust, confidence and loyalty. This fiduciary relationship includes the duty to disclose and the duty to act to protect Plaintiffs, the minor Plaintiffs, and other children from sexual abuse and exploitation by Little League executives and coaches such as Adam Isaacks whom Defendants Miranda Isaacks, ELL, District 12, and Little League Baseball had promoted as being a leader, professional, role model and otherwise sexually safe to be among youngsters.

120.   As a proximate result of the acts and omissions of Defendants Miranda Isaacks, ELL, District 12, and Little League Baseball, Plaintiffs and the minor Plaintiffs have suffered life-altering physical and mental injuries and sickness, all of which were the foreseeable result of the acts and omissions of Defendants Miranda Isaacks, ELL, District 12, and Little League Baseball, who were responsible for the assignment, empowerment, retention and supervision of Adam Isaacks.  Thus, they allowed the foreseeable sexual assaults and sexual exploitation of the minor Plaintiffs and other children to occur in the various locations by Adam Isaacks.

121.   Prior to the sexual abuse of the Plaintiffs herein, the Defendant Miranda Isaacks, ELL, District 12, and Little League Baseball, did not inform any of the minor Plaintiffs or their parents of Adam Isaacks' history of child sexual abuse of which Defendants knew or should have known.

122.     The Defendants ELL, District 12, and Little League Baseball further did not warn the Plaintiffs or minor Plaintiffs of the risks or train or educate them as to how to recognize the warning signs of pre-sexual grooming or sexual abuse by Adam Isaacks, despite having superior knowledge in handling and dealing with coaches or executives within the Defendants' organizations who sexually abused children.

123.     Defendants ELL, District 12, and Little League Baseball failed to impose certain prohibitions or safeguards to protect the minor Plaintiffs from Adam Isaacks's abuse.  Defendants Miranda Isaacks, ELL, District 12, Little League Baseball, also failed to report Adam Isaacks's crimes to law enforcement or legal authorities as required under Texas and Federal law, thereby allowing Adam Isaacks to continue to sexually assault and/or abuse children, including the minor Plaintiffs.  Due to the negligence of Defendants Miranda Isaacks, ELL, District 12, and Little League Baseball, Adam Isaacks abused the minor Plaintiffs and caused them injury.

124.     The incidents referenced above, were not caused by or contributed to by Plaintiffs, nor did the same occur through any fault or negligence on behalf of the Plaintiffs, but were solely, or at least in part, caused by the negligent acts and/or omissions of Defendant, Adam Isaacks, while in the course and scope of his employment, position as President and Coach, and/or agency with Defendants ELL, District 12, and Little League Baseball.

125.     At all material times hereto, Defendant, Adam Isaacks, was acting in the course and scope of his employment, position as President and Coach, and/or agency with Defendants ELL, District 12, and Little League Baseball.  Such being the case, Defendants ELL, District 12, and Little League Baseball, are vicariously liable to the Plaintiffs for all such acts and omissions of negligence on the part of Defendant, Adam Isaacks, under the theory of *Respondeat Superior*.

126.    At all material times hereto District 12 and its employees, staff, officers, representatives and agents were acting within the course and scope of their employment, positions, and/or agency with Little League Baseball, and as such Little League Baseball is vicariously liable to Plaintiffs for all such acts and omissions of negligence on the part of District 12.

127.    Further, Defendant Bear Creek had a duty to provide a reasonably safe premises, to implement safeguards, screen leasees, monitor and report activities and properly manage its premises.  Defendant Bear Creek breached this duty by failing to provide a reasonably safe premises, failing to properly secure its premises, failing to provide security to guests, failing to monitor guest attendance and activities on the premises, failing to supervise its tenants, and take reasonable steps to ensure illegal and abusive activities were not occurring on its premises. Instead, Bear Creek permitted the abuse camp to continue for a period of years.

## VI.  CAUSES OF ACTION

### A.      Count One - Assault

128.    The foregoing factual allegations are incorporated by reference as if fully set forth herein.

129.    As described above, Adam Isaacks engaged in a pattern and practice of lewd, lascivious, and sexual assault with the minor Plaintiffs.  To be clear, these horrendous assaults began with sexual grooming, which constituted preparatory offenses under Texas Penal Code § 15.01, 15.02, and 15.031, that began and continued on the very fields on which these young boys sought to find friendship and childhood fun within the safe haven of Little League Baseball.  Adam Isaacks, abusing his position of trust and authority, subjected the minor Plaintiffs to such abuse on a continuing basis for **several years**.

130.    During the course of the sexual abuse described above, Adam Isaacks inflicted injury on the minor Plaintiffs through intentional, malicious, unjustified, harmful, and offensive sexual contact without the minor Plaintiffs' consent.

131.    Defendant Issacks was a coach and was the President of ELL.  Defendant Isaacks used his position of authority and trust within the ELL to implement a scheme to sexual abuse, molest, and sexually assault young boys who participated in ELL over the course of four to five years.

132.    As a direct and proximate result of Adam Isaacks' wrongful actions and sexual abuse as described above, the minor Plaintiffs have suffered severe and continuing injuries, including, but not limited to, psychological trauma, behavioral disorders, pain and suffering, severe mental anguish, loss of enjoyment of life, and emotional distress.  These injuries have resulted in damages in an amount within the jurisdictional limits of this Court.

133.    As a further direct and proximate result of Adam Isaacks' wrongful actions and sexual abuse as described above, the minor Plaintiffs sustained, and will continue to sustain, further damages, including expenses for medical care and treatment, psychological therapy, psychiatric therapy, and medication.

134.    Plaintiffs seek recovery in this case of all damages proximately caused by Adam Isaacks.

**B.**    **Count Two - Sexual Abuse**

135.    The foregoing factual allegations are incorporated by reference as if fully set forth herein.

136.    Due to the relationship between the minor Plaintiffs and Adam Isaacks, and the ages of the minor Plaintiffs when the acts of sexual abuse described above occurred, Adam Isaacks'

sexual abuse constituted multiple violations of prohibited deviate sexual intercourse and indecency with a child, as those terms are defined in Section 21.01, *et seq.*, of the *Texas Penal Code*. Adam Isaacks' violations of Section 21.01, *et seq.*, of the *Texas Penal Code* proximately caused damages to Plaintiffs and minor Plaintiffs in this case, as described more fully herein, for which damages Plaintiffs and minor Plaintiffs seek recovery in this suit from the Defendants, *jointly and severally*.

**C.**   **Count Three - Negligence**

137.   The foregoing factual allegations are incorporated by reference as if fully set forth herein.

**1.**   **Negligence of Defendants Miranda Isaacks, District 12, ELL, and Little League Baseball.**

138.   Miranda Isaacks is the wife of Adam Isaacks and was an executive officer and/or a board member of ELL at all relevant times asserted in this Complaint. Miranda Isaacks knew or should have known that Adam Isaacks was engaging in inappropriate and criminal behavior toward the minor Plaintiffs, who were members of the ELL and members of Adams Isaacks's baseball teams that he coached.

139.   Little League Baseball holds itself out as "the world's largest and most respected youth sports organization."[19] Little League Baseball recognizes that in many abuse situations "the young victims are seduced, sometimes over a period of months or even years" and that the "child's family is lulled into believing the unusual attention being lavished is a bond of friendship between the adult and the child."[20]  "In fact, the adult abuser often uses gifts, trips, attention and affection as part of the courtship process" which sometimes "extends to the child's parents" while the real

---

[19]  *See* https://www.littleleague.org/university/articles *"Parent's Guide to the Little League Child Protection Program."*

[20] *Id.*

target is the child.[21]  Unfortunately, sexual abuse by coaches in the context of youth and league sports is prevalent and such organizations have a duty to protect children, create a culture of safety for children, inform and educate parents, monitor and supervise volunteers and hired workers, spread awareness, train and educate participants and their families, and to report incidents of abuse or improper behavior.

140.    Defendants District 12, ELL and Little League Baseball, knew or should have known that the minor Plaintiffs were unable to protect themselves, were vulnerable to sexual grooming, sexual abuse, and sexual molestation in the youth sport setting, and needed safeguards in place.  Defendants knew or should have known of the foreseeability of the risk of sexual grooming, sexual abuse, and sexual molestation in the youth sport setting and that Plaintiffs needed intervention by these Defendants in order to stop the abuse the minor Plaintiffs were enduring.

141.    These Defendants had a duty to implement and enforce safeguards, protective measures, and policies and procedures aimed at preventing, education, reporting, awareness, and training against the foreseeable risk of sexual grooming, sexual molestation, sexual abuse, and sexual assault in the youth sport setting.  These Defendants had a duty to create a safe environment and protective culture for young boys and their families to participate in Little League Baseball.

142.    These Defendants had a duty to monitor and supervise the acts and activities of Little League volunteers with minor participants of Little League Baseball.  These Defendants had a duty to implement and comply with policies to prevent grooming and circumstances that are ripe for abuse or assault.  These Defendants had a duty to promote awareness, educate and train ELL families regarding preventative culture, prohibited activities, signs of sexual grooming, signs of abuse, safety, and reporting of sexual abuse.  Defendants breached these duties.

---

[21] *Id.*

143.    These Defendants voluntarily undertook a duty to protect minor participants in Little League Baseball from the foreseeable risk of sexual abuse through its Child Protection Program and adoption of the Safe Sports Act.  Likewise, Defendants represented to the community its commitment to enforcing Little League Baseball's Child Protection Program.

144.    Defendants Miranda Isaacks, District 12, ELL, and Little League Baseball, wholly failed to protect the minor Plaintiffs from Adam Isaacks' outrageous behavior, failed to enlist the aid of others to protect the minor Plaintiffs from Adam Isaacks' abuse, and failed to notify appropriate authorities or the parents of the minor Plaintiffs regarding what was happening to their children at the hands of Adam Isaacks.

145.    These Defendants failed to implement and enforce reasonable safeguards or reasonable policies and procedures to avoid or prevent acts of unlawful sexual conduct by Adam Isaacks, ELL Coach and President; thereby creating the culture and peril that ultimately damaged Plaintiffs.

146.    ELL and District 12 failed to adopt and implement a policy limiting one-on-one interactions with minors.  ELL and District 12 failed to adopt and implement an ASAP plan. District 12 and Little League Baseball failed to monitor, implement, and enforce required safety precautions.

147.    At no time during the periods alleged did Defendants implement, provide, or enforce awareness, education, or training to the participants or families of ELL regarding prevention, signs, or reporting of pre-sexual grooming and/or sexual molestation or abuse in the youth sport setting.

148.    Defendants knew or should have known that minor children in the Little League Baseball setting were vulnerable to pre-sexual grooming, sexual molestation and sexual abuse by coaches and others in a position of authority within the youth sports organization.

149.    Defendants failed to monitor, supervise, and/or oversee the activities of ELL President Isaacks.  Adam Isaacks, ELL coach and ELL President, was permitted to use his position of authority and trust to implement a scheme to sexually abuse, molest, and assault young boys over a period of four to five years or more.  By allowing Isaacks to serve as ELL President, Defendants represented to the minor plaintiffs, their parents, and the community, that Adam Isaacks was safe, trustworthy, and ethical.  This led many parents to believe their children were safe in his care.

150.    Defendants failed to properly or reasonably warn, educate, and train volunteers and hired workers participating in ELL in the prevention and protection against of sexual grooming, sexual molestation, sexual abuse, and sexual assault of minors in the youth sport setting. Defendants failed to properly educate and train volunteers and hired workers participating in ELL in mandatory reporting requirements.

151.    Defendants failed to properly or reasonably train or educate families of minor children participating in ELL the prevention and protection against of sexual grooming, sexual molestation, sexual abuse, and sexual assault of minors in the youth sport setting.  Defendants failed to properly train and educate families of minor children participating in ELL in mandatory reporting requirements.

152.    Defendants breached their duty to take reasonable protective measures and reasonable safeguards to protect Plaintiffs and other minor participants and their families from the risk of childhood sexual abuse, sexual molestation and sexual assault, such as the failure to

properly protect, supervise, monitor, warn, train, or educate Plaintiffs and others on how to recognize and avoid such foreseeable risks.

153.    Defendants, having a duty to do so, failed to create a safe environment for minors who dreamed of playing Little League Baseball. Defendants failed to implement and enforce policies, procedures, training, education, failed to enforce their own rules, policies, and procedures, and failed to adhere to industry and organizational standards to protect the health, safety, and wellbeing of ELL participants, including Plaintiffs.

154.    The failures of Defendants, Miranda Isaacks, District 12, ELL, and Little League Baseball, described herein, constitute negligence, and such negligence was a proximate cause of severe injury and damage to the Plaintiffs and minor Plaintiffs.  As a result, Plaintiffs bring this suit to recover the damages proximately caused by the negligence of Defendants Miranda Isaacks, District 12, ELL, and Little League Baseball, to which each of these Defendants is *jointly and severally* liable to Plaintiffs.

### 2.    Negligence Per Se

155.    As is set forth below, Defendants violation of the Safe Sports Act and corresponding federal statutes constitutes negligence per se.

### 3.    Negligence of Defendant, Bear Creek.

156.    Bear Creek Hunting Club ("Bear Creek") is a for-profit entity that operates as a "Hunting Club" on land it leases in Sabine and San Augustine Counties.  Bear Creek is headquartered in Pineland, Texas.  Members pay annual dues and are given access to a full RV camp complete with electrical and water connections.  It is a private hunting club or business enterprise formed under the laws of the State of Texas and headquartered in Pineland, Sabine County, Texas.  Bear Creek is authorized to, and does, conduct business in the State of Texas.

157.    The premises maintained and controlled by Bear Creek was the site of continuous sexual abuse of the minor Plaintiffs over numerous years.

158.    There was a continuous flow of non-family Little League minors onto the premises who were abused by Adam Isaacks.  Isaacks was permitted weekend after weekend, year after year, to maintain an unregulated, unmonitored and unprotected stream of minor guests who were sexually abused and assaulted on the premises with impunity.

159.    In addition to the acts of negligence stated in paragraphs above, Defendant Bear Creek was additionally negligent.  Defendant Bear Creek had a duty to provide a reasonably safe premises, to implement safety measures, to properly screen leasees, to monitor and supervise leasees, to properly manage the premises, and to report activities of abuse.  Defendant Bear Creek was negligent in the following respects:

a.      Failing to properly secure its premises;

b.      Failing to provide security to invited guests;

c.      Failing to properly supervise its tenants;

d.      Failing to provide adequate security for its invitees;

e.      Failing to ensure improper guests were not on the premises;

f.      Failing to enforce internal policies and procedures;

g.      Failing to ensure illegal activities were not occurring on the premises;

h.      Failing to provide adequate and proper management of its premises;

i.      Failing to timely and adequately respond to or to report sexual abuse of the minor Plaintiffs;

j.      Failing to properly implement its security plan;

k.      Failing to train and supervise its security personnel; and

l.      All other acts of commission and omission discovered between now and the time of trial and proven at the trial on the merits.

m.      Failing to properly supervise the actions of those persons it invites to its leased premises;

n.      Failing to provide adequate security for its invitees;

o.      Failing to take proper precautions in reaction to the outrageous actions of Defendant, Adam Isaacks, while on its leased premises; and

p.      Failing to report the outrageous actions of Defendant, Adam Isaacks, to law enforcement authorities.

160.    The negligence of Defendant Bear Creek proximately caused immeasurable injury and damages to the young boys who were repeatedly groomed, abused, and sexually assaulted on its premises.

### D.      **Count Four - Gross Negligence**

161**.**    The foregoing factual allegations are incorporated herein by reference as if fully set forth.

162.    Defendants had actual and subjective awareness or knowledge of the objective risk of extreme harm of sexual abuse within the context of youth sports.  This is evident by Little League Baseball's Child Protection Program and adoption of the *Safe Sports Act*.  Moreover, Defendants were actually or subjectively aware of the objective risk of extreme harm from the failure to implement and enforce policies, procedures, and safeguards to prevent or protect against sexual abuse or sexual assault, and to recognize and report such actions and activities.

163.    Defendants likewise had actual or subjective awareness of the objective risk of harm for failure to properly monitor, supervise, train and educate against sexual predatory behavior of Little League volunteers or coaches.  Defendants knew or should have known of the objective risk of extreme harm and consciously disregarded the extreme risk of harm by failing to monitor

and supervise volunteers or hired workers, and failure to train or educate volunteers, hired workers, or participating families of the foreseeable risk of harm.

164.    Despite such knowledge, Defendants failed to supervise, monitor, train or educate the volunteers, hired workers, or other participants of ELL, including Plaintiffs on safety precautions, safety measures, signs of abuse, awareness, and reporting of the same. Defendants' conscious disregard of this extreme risk created a culture ripe for abuse.

165.    Further, on information and belief, Defendants had prior knowledge of sexual abuse and sexual assault allegations within the institution of Little League Baseball and/or youth sports. By their acts and omissions Defendants consciously disregarded the extreme risk of harm. Defendants acts' and omissions created an unsafe environment within the ELL in which eight minor plaintiffs were repeatedly abused and assaulted over a continuous period of time.

166.    Defendants conscious disregard and indifference to this extreme risk of harm is further evidenced by Defendants' failure to do anything at all in response to Plaintiffs' reporting of the abuse they suffered at the hands of Adam Isaacks.  Defendants failed to inform, educate, or warn other families and participants in ELL, and to date have failed to take any safeguards or other precautionary measures, policies or procedures to prevent similar tragic assaults from reoccurring within the organization.

### E.    Count Five - Statutory Violations of the *Protecting Young Victims from Sexual Assault and Safe Sport Authorization Act "Safe Sports Act"*

167.    The foregoing factual allegations are incorporated herein by reference as if fully set forth.

168.    The *Safe Sports Act* is a federal law that was enacted to prevent the sexual abuse of minors and amateur athletes by holding organizations involved in youth sports to an increased standard of care, requiring mandatory background checks, expanding mandatory reporting

requirements, and requiring prevention training and policies.  The *Safe Sports Act* requires mandatory background checks, the prompt reporting of sexual abuse (*i.e.*, within 24 hours of learning of any suspicious behavior) to law enforcement authorities, and the provision of training to adults who are in regular contact with amateur athletes who are minors, regarding prevention of sexual abuse and reporting.

169.    ELL, District 12, and Little League Baseball adopted the Safe Sports Act as part of Little League Baseball's Child Protection Program.  Little League Baseball has acknowledged that the safety and well-being of all participants in the Little League Program is paramount and the severity of incidents of sexual abuse "is life-altering for the child and all who are involved."[22]  As such, Little League Baseball's policies require all chartered Little League Programs to conduct background checks on volunteers and hired workers, adhere to the federally mandated reporting requirements, adopt policies that limit one-one-one contact between adult participants and minors, and provide training.   However, neither Little League Baseball nor District 12, made any attempt to implement and enforce such procedures or policies, ensure compliance, or mandate education and training regarding the same.  In short, ELL was not educated, trained on, or required to comply with the adopted provisions of the Safe Sports Act.

170.    Given the positions of the Defendants Miranda Isaacks, District 12, ELL, and Little League Baseball, their actions, inactions, omissions, and/or conduct described in this Complaint, including failing to report the physical and sexual abuse of the minor Plaintiffs to law enforcement authorities, constitutes violations of the *Safe Sports Act*.  Such actions, inactions, omissions and/or conduct of the Defendants, Miranda Isaacks, District 12, ELL, and Little League Baseball,

---

[22]  *See*  https://www.littleleague.org/downloads/ii-child-protection-program  *"Little   League   Child   Protection Program"*

described in this Complaint, proximately caused injury and damages to the Plaintiffs and the minor Plaintiffs.

171.    As a result, the Plaintiffs and the minor Plaintiffs shall recover from said Defendants actual damages or liquidated damages of $150,000.00 for each incident, along with an award of reasonable costs and attorney's fees incurred.

172.    The Plaintiffs and the minor Plaintiffs are also entitled to recover punitive damages against said Defendants, along with such other preliminary and equitable relief as the Court determines to be appropriate.

   F.    **Count Six - *Sexual Exploitation and Other Abuse of Children* in violation of Federal Anti-Human Trafficking and other federal statutes 18 U.S.C. § 2255.**

173.    The foregoing factual allegations are incorporated herein by reference as if fully set forth.

174.    Plaintiffs are victims under the Federal Anti-Human Trafficking Act and other federal statutes as a result of Adam Isaacks transportation of minor Plaintiffs across state lines for purposes of engaging in illicit sexual conduct, sexual exploitation, and sexual abuse of minor Plaintiffs.

175.    Adam Isaacks transported minor Plaintiffs across state lines for the purposes of sexually abusing, molesting, assaulting and exploiting the minor Plaintiffs.  The minor Plaintiffs are victims of the federal crimes established by 18 U.S.C. §§ 1591 ("Sex Trafficking of children"), § 2241 ("Aggravated Sexual Abuse"), § 2242 ("Sexual Abuse"), § 2243 ("Sexual abuse of a minor"), § 2251 ("Sexual Exploitation of children"), and § 2423 ("Transportation of minors").

176.    Adam Isaacks travelled with and transported the minor Plaintiffs in interstate commerce for the purpose of engaging in illicit sexual conduct with the minor plaintiffs in violation of federal law. As a result of the conduct described herein, Plaintiffs have suffered and continue

to suffer great pain, physical injuries, mental anguish, and emotional distress and expenses for medical and psychological treatment.  Thus, Defendant Isaacks is liable under 18 U.S.C. § 2255 for damages and reasonable attorneys' fees.

### F.   Count Seven - Civil Conspiracy

177.    The foregoing factual allegations are incorporated herein by reference as if fully set forth.

178.    Pursuant to the foregoing facts and allegations, Defendants Adam Isaacks, Miranda Isaacks, District 12, ELL, and Little League Baseball, engaged in a civil conspiracy to conceal the bad acts of Adam Isaacks and their own negligent acts, which conspiracy proximately caused actual damages to the Plaintiffs and minor Plaintiffs that they now seek to recover from said Defendants.

### G.   Count Eight - Aiding and Abetting

179.    The foregoing factual allegations are incorporated herein by reference as if fully set forth.

180.    Pursuant to the foregoing facts and allegations, Defendants Miranda Isaacks, District 12, ELL, and Little League Baseball's actions, inactions, errors, omissions, failures, and/or conduct constitute aiding and abetting the conduct of each other, for which such Defendants are *jointly and severally* liable to the Plaintiffs and minor Plaintiffs for their damages sustained.  As result, the Plaintiffs and minor Plaintiffs seek recovery of their actual damages, consequential damages, exemplary damages, attorney's fees, interest and costs from said Defendants.

### H.   Count Nine - Defective Premises

181.    The foregoing factual allegations are incorporated herein by reference as if fully set forth.

182.    At time of trial, Plaintiffs and the minor Plaintiffs will prove that they were invitees to the premises of Bear Creek.  When the risk of criminal conduct is so great that it is both unreasonable and foreseeable, Defendants Bear Creek owes a duty of care to those who might be harmed by criminal acts committed on its premises.  Defendant Bear Creek was aware or should have been aware of the potential for actual criminal acts of intentional sexual assault and intentional sexual abuse and exploitation by Adam Isaacks against the minor Plaintiffs on its property and at other locations under their control and breached duty in not caring for the safety of the minor Plaintiffs.

183.    The acts or omissions of the Defendant Bear Creek pled above proximately caused injury to Plaintiffs.

**I.      Count Ten - Breach of Fiduciary Duty**

184.    The foregoing factual allegations are incorporated herein by reference as if fully set forth.

185.    In accordance with the foregoing facts and claims stated above, Defendants Adam Isaacks, Miranda Isaacks, District 12, ELL, and Little League Baseball are guilty of breach of fiduciary duty that was owed to the Plaintiffs.  By way of the Plaintiffs' agreements and/or the special relationships of trust and confidence that said Defendants formed with the Plaintiffs in relation to the minor Plaintiffs registering and being members of the ELL, said Defendants had established fiduciary relationships with the Plaintiffs.  Because a fiduciary relationship was established with said Defendants, they owed at least the following duties to the Plaintiffs:

1)      Duty of loyalty and utmost good faith;

2)      Duty of candor;

3)      Duty to refrain from self-dealing;

4)      Duty to act with integrity of the strictest kind;

5)      Duty of fair and honest dealing; and

6)      Duty of full disclosure.

186.    Based on the foregoing facts and claims asserted by Plaintiffs, Defendants Miranda Isaacks, District 12, ELL, and Little League Baseball, breached at least one or more of these duties noted above that it owed as a fiduciary to the Plaintiffs in performing their duties in managing, directing, and/or controlling ELL and Adam Isaacks.  As a result of Defendants, Miranda Isaacks, District 12, ELL, and Little League Baseball's breach and/or breaches of its fiduciary duty owed to the Plaintiffs, the Plaintiffs sustained actual damages that resulted in a loss to the Plaintiffs which has not been remedied to date by said Defendants.  Furthermore, said Defendants even benefited from their relationship with the Plaintiffs, despite breaching their fiduciary duties owed to the Plaintiffs.

187.    As a result of Defendants Miranda Isaacks, District 12, ELL, and Little League Baseball's breach or breaches of its fiduciary duty owed to the Plaintiffs, Plaintiffs are entitled to recover their actual damages, out-of-pocket losses, consequential damages, mental anguish damages and exemplary damages, including the damages outlined herein.  Moreover, Plaintiffs are entitled to recover their attorney's fees and court costs incurred due to the Defendants' breach and/or breaches of their fiduciary duties owed to the Plaintiffs, which the Plaintiffs seek herein.

## VII.   DAMAGES FOR PLAINTIFFS AND MINOR PLAINTIFFS

188.    As a result of Defendants' conduct, Plaintiffs suffered life-altering harm and seek the following damages:

### A.   Damages for Plaintiff, Family One, and Minor Plaintiff, Child One.

189.    As a result of the conduct and physical sexual assaults described herein, Plaintiff, Family One and minor Plaintiff, Child One, have incurred medical and/or counseling expenses in

the past and in all reasonable probability will incur medical and/or counseling expenses in the future.

190.    Minor Plaintiff, Child One, has experienced physical sickness, pain and suffering and bodily injury in the past and in all reasonable probability will sustain and suffer physical sickness, pain and suffering and bodily injury in the future.

191.    Minor Plaintiff, Child One, has suffered severe mental anguish in the past and in all reasonable probability will sustain severe mental anguish in the future.

192.    Minor Plaintiff, Child One, has suffered physical impairment in the past and in all reasonable probability will suffer physical impairment in the future.

193.    As a result of the above, minor Plaintiff, Child One, seeks damages within the jurisdictional limits of the Court.

**B.    Damages for Plaintiffs, Family Two, and Minor Plaintiff, Child Two**.

194.    As a result of the conduct and physical sexual assaults described herein, Plaintiffs, Family Two and minor Plaintiff, Child Two, have incurred medical and/or counseling expenses in the past and in all reasonable probability will incur medical and/or counseling expenses in the future.

195.    Minor Plaintiff, Child Two, has experienced physical sickness, pain and suffering and bodily injury in the past and in all reasonable probability will sustain and suffer physical sickness, pain and suffering and bodily injury in the future.

196.    Minor Plaintiff, Child Two, has suffered severe mental anguish in the past and in all reasonable probability will sustain severe mental anguish in the future.

197.    Minor Plaintiff, Child Two, has suffered physical impairment in the past and in all reasonable probability will suffer physical impairment in the future.

198.     As a result of the above, minor Plaintiff, Child Two, seeks damages within the jurisdictional limits of the Court.

**C.**     **Damages for Plaintiffs, Family Three, and Minor Plaintiff, Child Three.**

199.     As a result of the conduct and physical sexual assaults described herein, Plaintiffs, Family Three and minor Plaintiff, Child Three, have incurred medical and/or counseling expenses in the past and in all reasonable probability will incur medical and/or counseling expenses in the future.

200.     Minor Plaintiff, Child Three, has experienced physical sickness, pain and suffering and bodily injury in the past and in all reasonable probability will sustain and suffer physical sickness, pain and suffering and bodily injury in the future.

201.     Minor Plaintiff, Child Three, has suffered severe mental anguish in the past and in all reasonable probability will sustain severe mental anguish in the future.

202.     Minor Plaintiff, Child Three, has suffered physical impairment in the past and in all reasonable probability will suffer physical impairment in the future.

203.     As a result of the above, minor Plaintiff, Child Three, seeks damages within the jurisdictional limits of the Court.

**D.**     **Damages for Plaintiff, Family Four, and Minor Plaintiff, Child Four.**

204.     As a result of the conduct and physical sexual assaults described herein, Plaintiff, Family Four and minor Plaintiff, Child Four, have incurred medical and/or counseling expenses in the past and in all reasonable probability will incur medical and/or counseling expenses in the future.

205.    Minor Plaintiff, Child Four, has experienced physical sickness, pain and suffering and bodily injury in the past and in all reasonable probability will sustain and suffer physical sickness, pain and suffering and bodily injury in the future.

206.    Minor Plaintiff, Child Four, has suffered severe mental anguish in the past and in all reasonable probability will sustain severe mental anguish in the future.

207.    Minor Plaintiff, Child Four, has suffered physical impairment in the past and in all reasonable probability will suffer physical impairment in the future.

208.    As a result of the above, minor Plaintiff, Child Four, seeks damages within the jurisdictional limits of the Court.

**E.    Damages for Plaintiffs, Family Five, and Minor Plaintiff, Child Five.**

209.    As a result of the conduct and physical sexual assaults described herein, Plaintiffs, Family Five and minor Plaintiff, Child Five, have incurred medical and/or counseling expenses in the past and in all reasonable probability will incur medical and/or counseling expenses in the future.

210.    Minor Plaintiff, Child Five, has experienced physical sickness, pain and suffering and bodily injury in the past and in all reasonable probability will sustain and suffer physical sickness, pain and suffering and bodily injury in the future.

211.    Minor Plaintiff, Child Five, has suffered severe mental anguish in the past and in all reasonable probability will sustain severe mental anguish in the future.

212.    Minor Plaintiff, Child Five, has suffered physical impairment in the past and in all reasonable probability will suffer physical impairment in the future.

213.    As a result of the above, minor Plaintiff, Child Five, seeks damages within the jurisdictional limits of the Court.

F.   **Damages for Plaintiff, Family Six, and Minor Plaintiff, Child Six**.

214.   As a result of the conduct and physical sexual assaults described herein, Plaintiff, Family Six and minor Plaintiff, Child Six, have incurred medical and/or counseling expenses in the past and in all reasonable probability will incur medical and/or counseling expenses in the future.

215.   Minor Plaintiff, Child Six, has experienced physical sickness, pain and suffering and bodily injury in the past and in all reasonable probability will sustain and suffer physical sickness, pain and suffering and bodily injury in the future.

216.   Minor Plaintiff, Child Six, has suffered severe mental anguish in the past and in all reasonable probability will sustain severe mental anguish in the future.

217.   Minor Plaintiff, Child Six, has suffered physical impairment in the past and in all reasonable probability will suffer physical impairment in the future.

218.   As a result of the above, minor Plaintiff, Child Six, seeks damages within the jurisdictional limits of the Court.

G.   **Damages for Plaintiff, Family Seven, and Minor Plaintiff, Child Seven**.

219.   As a result of the conduct and physical sexual assaults described herein, Plaintiff, Family Seven and minor Plaintiff, Child Seven, have incurred medical and/or counseling expenses in the past and in all reasonable probability will incur medical and/or counseling expenses in the future.

220.   Minor Plaintiff, Child Seven, has experienced physical sickness, pain and suffering and bodily injury.

221.   Minor Plaintiff, Child Seven, has suffered severe mental anguish in the past and in all reasonable probability will sustain severe mental anguish in the future.

222.    Minor Plaintiff, Child Seven, has suffered physical impairment in the past and in all reasonable probability will suffer physical impairment in the future.

223.    As a result of the above, minor Plaintiff, Child Seven, seeks damages within the jurisdictional limits of the Court.

**H.**    **Damages for Plaintiffs, Family Eight, and Minor Plaintiff, Child Eight**.

224.    As a result of the conduct and physical sexual assaults described herein, Plaintiffs, Family Eight and minor Plaintiff, Child Eight, have incurred medical and/or counseling expenses in the past and in all reasonable probability will incur medical and/or counseling expenses in the future. Minor Plaintiff, Child Eight, has experienced physical sickness, pain and suffering and bodily injury.

225.    Minor Plaintiff, Child Eight, has suffered severe mental anguish in the past and in all reasonable probability will sustain severe mental anguish in the future.

226.    Minor Plaintiff, Child Eight, has suffered physical impairment in the past and in all reasonable probability will suffer physical impairment in the future.

227.    As a result of the above, minor Plaintiff, Child Eight, seeks damages within the jurisdictional limits of the Court.

## VIII.   **PUNITIVE DAMAGES**

228.    Pursuant to the foregoing facts and allegations, the Plaintiffs and minor Plaintiffs would show that the acts engaged in were intentional or were committed with reckless disregard by all Defendants, and that the Plaintiffs and minor Plaintiffs are entitled to recover punitive and exemplary damages from each of the Defendants.

## IX.    **JURY DEMAND**

229**.**    Plaintiffs requests a trial by jury and tender the appropriate fee.

## X.  ATTORNEY'S FEES, INTEREST AND COSTS

230.    Because of Defendants' conduct described above, the Plaintiffs had to engage the Bernsen Law Firm to prosecute their claims and the claims of the minor Plaintiffs asserted herein. Consequently, the Plaintiffs and minor Plaintiffs would respectfully show this Court that they are entitled to recover their reasonable and necessary attorney's fees and costs pursuant to the federal *Safe Sports Act*, *Federal Anti-Human Trafficking Act*, 18 U.S.C. § 2255, and other federal statutes, as well as for their claims of conspiracy, aiding and abetting, and breach of fiduciary duty. Plaintiffs are further entitled to and seek recovery of all prejudgment and post-judgment interest.

## XII.  CONDITIONS PRECEDENT

231.    The Plaintiffs and minor Plaintiffs assert that all conditions precedent have occurred in order to bring the foregoing claims herein.  The Plaintiffs and minor Plaintiffs reserve the right to supplement and/or amend this Complaint at a later date.

## XIV.  ALTERNATIVE PLEADINGS

232.    The causes of action asserted herein, and the supporting factual allegations to such causes of actions, by the Plaintiffs and minor Plaintiffs are pled in the alternative to one another and/or jointly, where applicable.

## XV.  RELIEF REQUESTED

233.    Considering the premises, the Plaintiffs pray for the following relief:

A.    An award of actual damages, consequential damages, and punitive damages to the Plaintiffs and minor Plaintiffs;

B.    An award to the Plaintiffs and minor Plaintiffs of reasonable and necessary attorneys' fees and costs incurred in an amount to be determined by the Court;

C.    Costs of suit incurred herein;

D.    Prejudgment and post-judgment interest, as provided by law, if applicable; and

E.      Such other and further relief in law or in equity to which the Plaintiffs and minor Plaintiffs may be justly entitled to receive.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs and minor Plaintiffs, pray that the Defendants herein be cited to appear and answer herein, and that upon a final trial of this case, a judgment be entered in favor of Plaintiffs and against Defendants, for all actual damages and consequential damages in the amount within the jurisdictional limits of this Court; for exemplary damages; for all attorney's fees incurred by Plaintiffs; for all pre-judgment and post-judgment interest; for all costs of court; and for any and all other relief allowed by law or in equity, that Plaintiffs may show themselves justly entitled to receive.

Respectfully submitted,

**THE BERNSEN LAW FIRM**

*/s/David E. Bernsen*
David E. Bernsen
State Bar No. 02217500
dbernsen@bernsenlaw.com
Cade Bernsen
State Bar No. 24073918
cbernsen@bernsenlaw.com
Jamie Matuska
State Bar No. 24051062
jmatuska@bernsenlaw.com
420 North MLK Jr. Parkway
Beaumont, Texas 77701
(409) 212-9994 telephone
(409) 212-9411 facsimile

*/s/ Tanner Franklin*
Tanner G.M. Franklin
Franklin Law Firm, PLLC
tfranklin@tfranklinlawfirm.com
State Bar No. 24082506
2528 Hwy 103
P.O. Box 274
Etoile, Texas 75944
(936) 854-3213

**ATTORNEYS FOR PLAINTIFFS AND
MINOR PLAINTIFFS**