UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| FAMILY ONE, INDIVIDUALLY AND | § | |
| AS GUARDIANS AND NEXT FRIENDS | § | |
| OF MINOR CHILD ONE, *et al.* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 9:22-CV-28 |
| | § | |
| ADAM DALE ISAACKS, MIRANDA | § | |
| LYNN DUKES ISAACKS, LITTLE | § | |
| LEAGUE BASEBALL, INC. A/K/A | § | |
| LITTLE LEAGUE INTERNATIONAL, | § | |
| TEXAS DISTRICT 12 LITTLE LEAGUE, | § | |
| EVADALE LITTLE LEAGUE, AND | § | |
| BEAR CREEK HUNTING CLUB | § | |

## AMENDED EXPEDITED PLAINTIFFS' OPPOSED
## MOTION TO COMPEL AND TO STRIKE OBJECTIONS

TO THE HONORABLE COURT:

Plaintiffs file this Expedited Opposed Motion to Compel and to Strike Objections respectfully asking this Court to compel Little League Baseball, Inc. ("LLB") and Texas District 12 Little League ("District 12") to properly and fully comply with the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Texas, and the rules, orders, and instructions of this Honorable Court for the reasons set forth below:

## I.      INTRODUCTION

The Court has entered a Scheduling Order setting, among other deadlines, a mediation deadline of December 15, 2022, Plaintiffs' deadline to designate experts and produce reports on January 9, 2023, and jury selection and trial on September 23, 2023. Doc. 44.

It has now become obvious that Defendants have embarked upon an intentional course of conduct to withhold documents, impede discovery, and disregard the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders.

More specifically, Defendants have intentionally withheld documents that (A) should have been produced with mandatory initial disclosures; and (B) are discoverable and responsive to Plaintiffs' discovery requests. The timeline of events and the nature of the documents produced compared to those which remain unproduced lead to only one conclusion: **Defendants are intentionally withholding documents that are contrary to their positions taken in the motion to dismiss**.

Defendants essentially concede this. In their objections and responses to Plaintiffs' discovery requests, they state:

> Defendant objects to Plaintiffs' Requests on the ground that they are premature in light of Defendants' pending motion to dismiss. Defendants reserve the right to supplement their objections and responses after the Court rules on that motion. . . .

**Exhibit A**. Without question, this violates Eastern District of Texas Local Rule CV 26(a), which explicitly states that "Absent a court order to the contrary, **a party is not excused from responding to discovery because there are pending motions to dismiss**. . . ." (emphasis added).

Not only have Defendants' violated Local Rule CV 26(a), but also they have violated this Court's April 22, 2022 Order, which expressly provides that "A party is not excused from making its disclosures because it has not fully completed its investigation of the case. . . . **The fact that the Scheduling Order will have a deadline for completion of discovery is NOT an invitation, or authorization, to withhold documents or information required to be disclosed as part of initial mandatory disclosures, under the guise of 'supplementation.'**" Doc. 25. (emphasis added).

The fact of the matter is that Defendants have intentionally withheld documents responsive to Plaintiffs' discovery requests in an effort to hide relevant, discoverable evidence that contradicts the positions they assert in their motion to dismiss, which was filed on April 20, 2022. *See* Doc.

23. Central to the motion is Defendants' assertion that LLB, District 12, and ELL "are distinct and separate entities" and that neither organization controlled ELL, its board of directors, or its officers. Doc. 23, pp. 1, 11. Defendants held fast to these positions in their reply brief, filed on June 15, 2022. Doc. 46.

A.   **LLB AND DISTRICT 12 PARTICIPATION, ASSISTANCE, AND APPROVAL OF ADAM ISAACKS AS PRESIDENT**

1. <u>February 28, 2022</u> – Plaintiffs' Original Complaint, Doc. 1, p. 13 of 62:

Little League Baseball and District 12 participated, assisted, and approved the selection of Adam Isaacks as President of the little League.

2. <u>April 20, 2022</u> – Defendants LLB and District 12 file their joint Motion to Dismiss, wherein they argue, Doc. 23, p. 1:

Specifically, without any basis or specific factual support, the Complaint alleges that Defendants participated, assisted, and approved the selection of Adam Isaacks.

3. <u>June 15, 2022</u> – Defendants LLB and District 12 file their Reply in Support of their Motion to Dismiss, Doc. 46 (emphasis added), wherein they state:

The ELL Constitution specifies how it's president (the Mr. Isaacks) would be elected, what his duties are, and to whom he reports. Ex. A at Article VI-VII. **None involve LLB or District 12**. And nothing in the Constitution confers LLB or District 12 with any right to appoint, control, or supervise the local league or its president… Thus, despite these specific facts incorporated in the Complaint, Plaintiffs rely on the **bald assertion** that LLB and District 12 appointed, supervised, and controlled Mr. Isaacks.

4. <u>May 23, 2022</u> – Miranda Isaacks files her Initial Disclosures. Included in the documents produced are the November 4, 2019, 6:30 p.m. Minutes of Evadale Little League ("ELL"), **Exhibit B**, labeled MIRANDA 00036, which states as follows:

A meeting was held with intent to fill the vacant positions on the board of Evadale Little league.

3

Jennifer Roebuck, District Administrator and District ADA Softball representative Melissa Riedinger for District 12 were present. They provided a detailed summary of the roles and responsibilities of each position within the board.

The following positions were accepted and filled:
Adam Isaacks – President, 2 year term
Kris Pickering – Vice President, 1 year term
Miranda Isaacks – Secretary, 2 year term
Lena Shofner – Player Agent, 2 year term

Jennifer Roebuck provided a copy of the bylaws that are currently on file for Evadale. She stated that the new board should have a meeting soon to update these bylaws as well as the park rules.

Jennifer also assisted with updating the leagues updated information for the board on the data center website.

5. July 20, 2022 – District 12 produces October 21, 2019 text messages between District Administrator, Jennifer Roebuck, and Adam Isaacks, scheduling a private meeting prior to his "selection" as president of ELL, **Exhibit C** (filed under seal).

All of these documents should have been disclosed and produced on May 23, 2022 (deadline to serve Initial Disclosures) and were listed in Plaintiffs' Preservation of Evidence Letter dated January 19, 2022. **Exhibit D**.

    **B.**    **LLB AND DISTRICT 12 CONTROL**

    1.  Plaintiffs have pleaded that:

Little League Baseball and District 12 have control of and direct relationship with the operations of each local league, including ELL. For instance, Little League Baseball and District 12 exert direct control over ELL's social media. Doc. 1, p. 21 of 62.

    2.  Defendants' joint Motion to Dismiss repeatedly denies direct control or, in fact, *any* control of the local leagues.

        a.  July 20, 2022 – District 12 produces an email dated January 1, 2022, which was sent to all Little League Presidents of District 12 regarding the Evadale President, see **Exhibit E** (filed under seal).

        b.  July 20, 2022 – District 12 produced a February 28, 2022 text message sent to all Little League Presidents of District 12, see **Exhibit F** (filed under seal).

        c.  **Has not been produced.** January 2, 2022 – It is an email from the District 12 District Administrator to Evadale Little League (pictured below), **Exhibit G**.



**From: Jennifer Roebuck** ▮▮▮▮▮▮▮▮▮▮▮▮
Date: Sun, Jan 2, 2022 at 2:27 PM
Subject: Evadale LL
To: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

CC: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Good Afternoon,

It has been brought to my attention that your league made a post on social media concerning the situation with the President, or former President. While I know your league is under a lot of pressure and probably have parents/community wanting answers it is the best interest for your community as well Little League for you to remove the post and refrain from posting on social media. I have spoken with the Regional Office and they do not want anyone making any post on social media at all. If parents or members of your community have questions or comments to little league they can contact me or Little League International, if they have questions regarding the situation not involving little league they need to contact the authorities.

Again, I know your league is trying to play damage control but when its time Little League will instruct you on what or if anything is to be posted on any social media outlet. The legal department is aware of the situation and the investigation and I expect to hear from them this week, they will be here to assist your league in navigating through this.

Is there someone who has stepped into the role of President for the league? My staff and I would like to meet with your board or talk with a representative of your league if one is available.

If you are receiving this email and you are not longer affiliated with Evadale LL please let me know, everyone on this email is listed as a board member for Evadale LL on the data center.

Thank you.


**Jennifer Roebuck**
District Administrator
Little League - Texas District 12
▮▮▮▮▮▮▮

As noted, the District 12 District Administrator states among other things:

1. I have spoken with the Regional Office and they do not want anyone making any post on social media;

2. If parents or members of your community have questions or comments to little league, they can contact me or Little League International;

3. Again, I know your league is trying to play damage control but when it's time Little League will instruct you on what or if anything is to be posted on any social media outlet;

4. The legal department is aware of the situation and the investigation, and I expect to hear from them this week, **they will be here to assist your league in navigating through this**;

5. If you are receiving this email and you are not longer affiliated with Evadale LL, please let me know, everyone on this email is listed as a board member for Evadale LL on the data center.

## C.   DEFENDANTS' ASSERTIONS IN THE MOTION TO DISMISS

As mentioned above, Defendants filed their motion to dismiss on April 20, 2022. Doc. 23. Central to the motion is their assertion that LLB, District 12, and ELL "are distinct and separate entities" and that neither organized or controlled ELL, its board of directors, or its officers. Doc. 23, pp. 1, 11. The same these is echoed in their reply brief. Doc. 46.

With initial disclosures, District 12 produced nothing, and LLB produced ELL's Constitution, LLB's Organizational Structure and Regional Operations, and 2017-2021 publicly available rulebooks, Bates-labeled LLB000001-001310. *See* Doc. 34. Later, in late June, Defendants produced their insurance policies. Thereafter, in late July, LLB served an untimely and partial document production which included the following materials: ELL's Constitution, JDP background checks and volunteer applications for Adam Isaacks, a non-compliance notice for ELL, DA evaluations by leagues summaries, 2019-2021 DA end-of-year reports, ELL's Safety Plan and League Safety Officer Manual, volunteer application forms, 2018 Qualified Safety Program Registration, LLB facility survey, field inspection checklist, concession stand information, affidavits from Adam Isaacks and Valerie Patterson attesting that they had complied with certain LLB regulations, email correspondence from and between LLB employee Bonnie Wheeland, Jennifer Roebuck, and Adam Isaacks, and DA region evaluations.

While this may appear to be a long list of documents produced, noticeably absent are materials that are relevant to and/or demonstrate LLB's and District 12's *control* over ELL— evidence which belies Defendants' arguments that each is a separate, autonomous entity.[1] Such documents, however, exist.

For example, prior to Defendants filing their reply brief in support of their motion to dismiss, Miranda Isaacks produced fifty-five pages of documents in conjunction with her initial disclosures on May 20, 2022. Among the documents she produced are minutes from the aforementioned November 4, 2019 meeting to fill ELL officer vacancies, in which two District 12 officials (District 12 administrator Jennifer Roebuck and Melissa Riedinger) were present. **Exhibit B**. This document, proves that, at this meeting, Adam Isaacks was selected as President of ELL at the suggestion, participation, and approval of District 12, through Ms. Roebuck. Interestingly, the manner in which Adam Isaacks was selected as President is inconsistent with the ELL's Constitution.

Regardless, certain of the documents District 12 recently produced (though woefully incomplete) reiterate Plaintiffs' point. In late July 2022, District 12 produced emails between Adam Isaacks and LLB personnel regarding changes to ELL's Constitution required by LLB, Bates-labeled D12_000047-50, a text message from Jennifer Roebuck to all District 12 local league presidents advising them not to comment or make any statements about the scandal involving Adam Isaacks and directing them to Little League International, labeled D12_000065, and a January 1, 2022 email from Ms. Roebuck to all District 12 local league presidents regarding Adam Isaacks, labeled D12_000069. Critically, as set forth *supra*, **neither LLB nor District 12**

---

[1] Plaintiffs point out that while LLB did produce email correspondence showing ELL's non-compliance and Bonnie Wheeland's and Jennifer Roebuck's emails with Adam Isaacks, these documents were specifically identified by Plaintiffs; therefore, Defendants had no choice but to locate and produce them.

**have produced the January 2, 2022 email to District 12 staff and ELL board members, directing them to remove a Facebook post about Adam Isaacks**:

> …when it's time Little League will instruct you on what or in anything is to be posted on any social media outlet. The legal department is aware of the situation and the investigation, and I expect to hear from them this week, they will be here to assist your league in navigating through this.

### D. DEFENDANTS OBJECT TO THEIR OWN TERMINOLOGY AS VAGUE AND AMBIGUOUS

Defendants' responses to Plaintiffs' Third Request for Production were due on July 13, 2022. They produced zero documents on that day. **Exhibit A**. Instead of making a good faith effort to respond to discovery, the responses were riddled with improper boilerplate and baseless objections, including vagueness objections to verbiage taken from their own literature. Plaintiffs offer three examples:

> **RFP No. 9**. Produce a complete copy of D.A. Jennifer Roebuck's "To-Do Items" list from the D.A. Dashboard for the last (5) five years.
>
> RESPONSE: Defendant objects to this request as the phrases "'To-Do Items' list" and "D.A. Dashboard" are vague and ambiguous and thus Defendant does not understand the scope of this Request. Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case as it seeks information not relevant to the allegations in Plaintiffs' Complaint. Defendant also objects to this Request as it seeks information not within the possession, custody, or control of Defendant. Defendant is nonetheless willing to confer with Plaintiffs regarding the information sought. First, no part of this request for production is vague.
>
> **RFP No. 31**. Produce all LLB Meeting Minutes and/or Meeting Agendas concerning LLB's 2018 update of its Child Protection Program.
>
> RESPONSE: Defendant objects to this Request as the phrase "LLB Meeting Minutes and/or Meeting Agendas" is vague and ambiguous. Defendant further objects to this Request as the phrase "2018 update of its Child Protection Program" is vague and ambiguous. Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case as it seeks information that is not relevant to the allegations in Plaintiffs' Complaint and is not

reasonably limited as to time. Defendant is nonetheless willing to confer with Plaintiffs regarding the scope of the information sought.

**RFP No. 5**. Produce District 12's "sub-folder" concerning ELL for the last (5) five years.

RESPONSE: Defendant objects to this Request as the phrase "sub-folder" is vague and ambiguous and thus Defendant does not understand the scope of this Request. Defendant also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks information not relevant to the allegations in Plaintiffs' Complaint. Defendant further objects to this Request as it seeks documents that are not within the possession, custody, or control of Defendant. Defendant also objects to this Request to the extent it seeks documents protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege. Defendant is nonetheless willing to confer with Plaintiffs regarding the information sought.

**Exhibit A**.

First, the "To-Do Items" list from the "D.A. Dashboard" for Jennifer Roebuck are terms taken *directly* from LLB's materials and documentation and Data Center, information about which is available on LLB's website and which is discussed extensively on LLB's training videos for district administrators. In fact, the "To-Do Items" list is discussed at length in at least one video posted online by LLB to educate and train district administrators such as Jennifer Roebuck on their duties and is terminology taken directly from LLB's own computer program (the Data Center).[2] Even if it were believable that LLB is unfamiliar with its own Data Center, a simple search of its website or reading of its material posted online would have educated Defendants enough to make a good faith inquiry about documents or materials responsive to this request. Moreover, the objection that such information is not within the possession, custody, or control of Defendant is blatantly false, as the information online discussing the Data Center and the pages associated therewith (e.g., "To-Do Items") confirm that LLB has control over its own electronic database. As

---

[2] *See* https://www.littleleague.org/videos/new-d-a-training-league-reporting-monitoring/ (providing training on LLB's Data Center).

to the remaining objections, no part of this request is overbroad, unduly burdensome, or disproportional to the needs of this case.

The same is true for the terms "2018 update of its Child Protection Program" and "sub-folder." Plaintiffs did not invent these terms or pull them from thin air. These are terms from LLB's online published literature and video trainings. *See* https://www.littleleague.org/player-safety/child-protection-program/ (discussing LLB's update to its Child Protection Program). In fact, in their motion to dismiss and reply brief, Defendants state that they updated their Child Protection Program in 2018. Nonetheless, to date, Defendants have produced *no* documents responsive to the these requests (as well as many other requests). Instead, it appears they wish to "supplement" following the Court's ruling on their motion to dismiss. The Court should disallow this blatant attempt to sidestep the rules.

In short, Defendants have engaged in a series of tactics intended to delay the discovery process and hinder Plaintiffs' prosecution of this child sexual abuse case. As William E. Blackstone aptly put it: *Justice delayed is justice denied*. Such maneuvering serves only to deprive these child victims of justice.

### E.   TIMELINE

From approximately 2018 to 2021, at least eight child athletes of the Evadale Little League were systematically targeted and continuously sexually abused by their Little League coach and ELL President, Adam Isaacks. ELL is part of Texas District 12 Little League and Little League International. On December 13, 2021, following an outcry by one of Isaacks' victims, law enforcement officers were notified; nonetheless, Isaacks was not arrested until December 30, 2021. The following timeline of events is relevant to the issues raised in this motion.

December 13, 2021    A child victim reports sexual abuse by his Little League coach and league president, Adam Isaacks.

11

| | |
|---|---|
| December 30, 2021 | Adam Isaacks is arrested by Sabine County law enforcement officers. |
| January 1, 2022 | District 12 Administrator, Jennifer Roebuck, emails all local league presidents within her jurisdiction (D12_000069). **Exhibit E**. (Filed under seal) |
| January 2, 2022 | Ms. Roebuck emails District 12 staff and ELL board members, directing them to remove a Facebook post about Adam Isaacks. **Exhibit G**. |
| January 3, 2022 | FOX 26 Houston runs a news story about Isaacks, a "southeast Texas Little League baseball coach," abusing several young children. Several other news outlets post similar stories. **Exhibit H**. |
| January 19, 2022 | LLB and District 12 are officially put on notice. Counsel for Plaintiffs fax, email, and mail (CMRRR) a detailed letter of representation explaining the nature of Plaintiffs' accusations and directing the preservation of all evidence pertaining to Adam Isaacks, Miranda Isaacks, ELL, LLB, the Southwest Region, and District 12. *See* **Exhibit D**. |
| February 28, 2022 | Plaintiffs file suit in the U.S. District Court for the Eastern District of Texas, Lufkin Division, against Adam Isaacks, Miranda Isaacks, ELL, LLB, District 12, and Bear Creek Hunting Club. Doc. 1. |
| February 28, 2022 | LLB issues an official statement: "Little League International is aware of the unfortunate allegations made involving a former volunteer at Evadale Little League, however, due to the pending litigation, it would be inappropriate for Little League International to offer any further comment on the situation at this time." **Exhibit I**. |
| March 16, 2022 | Defendants file an unopposed application for extension of time to answer Plaintiffs' Complaint. Docs. 12, 13. |
| April 20, 2022 | LLB and District 12 file an opposed motion to dismiss. Doc. 23. |
| April 22, 2022 | The Court issues Order Setting Civil Action for Rule 16 Management Conference, directing the parties to complete "initial mandatory disclosures" 10 days after the deadline for the Rule 26(f) Attorney Conference (May 11, 2022). *See* Doc. 25. |

This order requires, among other things, "A copy of all other documents, electronically stored information, witness statements, and tangible things in the possession, custody, or control of the disclosing party that **are relevant to a claim or defense of <u>any</u> party**. (emphasis added). This may be combined with disclosures under Rule 26(a)(1)(A)(ii) so that duplication is avoided. Parties are encouraged to agree upon provision of information by electronic means. See Local Rule CV-26(d) for meaning of 'relevant to the claim or defense of any party.' <u>**A party that fails to timely disclose such information will not, unless such failure is harmless, be permitted to use such evidence at trial, at a hearing, or in support of a motion**</u>. (emphasis in original). A party is not excused from making its disclosures because it has not fully completed its investigation of the case. . . . **The fact that the Scheduling Order will have a deadline for completion of discovery is NOT an invitation, or authorization, to withhold documents or information required to be disclosed as part of initial mandatory disclosures**, under the guise of 'supplementation.'" (emphasis added).

| | |
|---|---|
| May 11, 2022 | Deadline for Rule 26(f) Attorney Conference. The parties confer as required by Court order. |
| May 20, 2022 | LLB and District 12 serve initial disclosures. In connection with disclosures, Defendants produced: LLB000001-001310 (ELL Constitution, LL Organizational Structure and Regional Operations, 2017-2021 Rulebooks). Doc. 34. |
| May 23, 2022 | Plaintiffs serve initial disclosures. Plaintiffs produced: preservation letter, ELL statement, registration form, medical release, assumption of risk, volunteer application, certificate of formation, ELL park rules, ELL constitution, Charter Change Submission Confirmation, ELL Charter correspondence, ELL response to current events, ELL contact information. |
| May 23, 2022 | Deadline to serve initial disclosures. |
| May 25, 2022 | Plaintiffs file their response in opposition to Defendants' motion to dismiss. Doc. 39. |
| May 26, 2022 | The parties file their Joint Conference Report. Doc. 41. |
| May 31, 2022 | The parties attend a case management conference before this Court. |

June 1, 2022

The Court enters a Scheduling Order setting several important deadlines including the following:

| Mediation Deadline | 12/15/2022 |
|---|---|
| Plaintiffs' Deadline to designate experts and produce reports. | 01/09/2023 |
| Defendants' Deadline to designate experts and produce reports. | 03/03/2023 |
| Discovery Deadline | 05/15/2023 |
| Final Pretrial Conference | 09/14/2023 |

June 3, 2022

Plaintiffs propound the following discovery on LLB and District 12:
Plaintiff Family One's First Request for Production to LLB
Plaintiff Family One's First Interrogatories to LLB
Plaintiff Family One's Second Request for Production to LLB
Plaintiff Family One's First Request for Production to District 12
Plaintiff Family One's First Interrogatories to District 12
Plaintiff Family One's Second Request for Production to District 12
**Exhibit A**.

June 13, 2022

Plaintiff Family One serves their Third Request for Production to LLB and Third Request for Production to District 12
**Exhibit A**.

June 13, 2022

Plaintiffs follow up with LLB and District 12 regarding their insurance policies. **Exhibit J**.

June 17, 2022

Plaintiffs serve: Plaintiff Family One's Second Interrogatories to LLB, Plaintiff Family One's Second Interrogatories to District 12. **Exhibit A**.

June 29, 2022

LLB and District 12 produce their insurance policies. **Exhibit K**.

July 5, 2022

LLB and District 12 serve responses to Plaintiffs' First Requests for Production, Second Requests for Production, and First Interrogatories. **Exhibit A**.

July 5, 2022

Plaintiffs send email to all defendants requesting depositions and proposing dates. **Exhibit L**. LLB and District 12 never respond to this email.

| | |
|---|---|
| July 13, 2022 | LLB and District 12 serve their responses to Plaintiffs' Third Request for Production. No documents are produced in connection with these responses. **Exhibit A**. |
| Jul 14, 2022 | Plaintiffs serve LLB with Family One's Third Interrogatories. **Exhibit A**. |
| July 15, 2022 | Plaintiffs notify Defendants of deficiencies in discovery responses and the parties participate in a conference call regarding same. **Exhibit M**. |
| July 15, 2022 | Plaintiffs notice the depositions of Jennifer Roebuck, Samantha Mahaffey, Melissa Riedinger, and Brent Stahlnecker. **Exhibit N**. |
| July 15, 2022 | Defendants advise that they will not be able to present Brent Stahlnecker, Jennifer Roebuck, and Samantha Mahaffey for deposition in August due to Ms. Roebuck's daughter's wedding in August and Mahaffey's and Stahlnecker's involvement in the Little League World Series. LLB also advised that they would contact Melissa Riedinger regarding her availability. **Exhibit O**. |
| July 18, 2022 | Plaintiffs ask for more information regarding the date of Jennifer Roebuck's daughter's wedding. **Exhibit O**. |
| July 19, 2022 | Defendants advise that LLB no longer employs Samantha Mahaffey, that it can present Melissa Riedinger on August 23, 2022, and Jennifer Roebuck on August 23, 2022, and that they are still working on dates to present Brent Stahlnecker. **Exhibit O**. To date, LLB has not offered September dates for Mr. Stahlnecker's deposition. |
| July 20, 2022 | Defendants serve "document production." **Exhibit P**. Amended responses identifying which documents correspond with which request are not provided. |
| July 20, 2022 | Plaintiffs request the last known contact information for Samantha Mahaffey. **Exhibit O**. This has not yet been provided. |
| July 21, 2022 | Defendants serve "document production." **Exhibit Q**, D12_000001-D12_000205 (ELL Safety Plan, League Safety Officer Manual, financial statements, preservation letter, emails and texts Adam Isaacks, Jennifer Roebuck, JDP 2019 and 2021 background, ELL constitution, check for Isaacks, information regarding All Stars, Tournaments, volunteer application, 2020-2022 league presidents, staff meeting agendas, minutes, and directories). Amended |

responses identifying which documents correspond with which request are not provided.

July 22, 2022          Defendants serve D12 Objections and Responses to Plaintiffs' Second Set of Interrogatories, D12 Objections and Responses to Plaintiffs' Third Set of Interrogatories, Little League Objections and Responses to Plaintiffs' Second Set of Interrogatories, Little League Objections and Responses to Plaintiffs' Third Set of Interrogatories, Little League Verification to Plaintiffs' First Set of Interrogatories, D12 Verification to Plaintiffs' First Set of Interrogatories. **Exhibit A**.

As shown in the timeline above, Plaintiffs propounded several written discovery requests on Defendants, including a Third Request for Production on June 13, 2022. *See* **Exhibit A**. Defendants responded to Plaintiffs' Third Request for Production on July 13, 2022 but produced no documents. *See* **Exhibit A**. Following two letters from Plaintiffs' counsel identifying the deficiencies in their responses to the requests for production and document production and a conference call on July 15, 2022 to discuss same, Defendants belatedly sent Plaintiffs a *partial* document production in late July 2022.[3] *See* **Exhibits M, P, Q**. To date, much remains outstanding. Accordingly, Plaintiffs ask the Court to order Defendants to fully and completely respond to Plaintiffs' written discovery requests and to produce all discoverable materials requested.

Apart from written discovery, Plaintiffs have requested several depositions and offered Plaintiffs for deposition. *See* **Exhibit O** (emails between counsel regarding depositions). More specifically, Plaintiffs emailed all counsel of record the following on July 5, 2022:

Dear Counsel,

Given the short timeline that we all have to conduct discovery, we need to start scheduling depositions. Here is what we propose:

1.      Jennifer Roebuck – We want to depose her the week of August 15-19, 2022.
2.      Melissa Redinger – We want to depose her the week of August 15-19, 2022.

---

[3] Plaintiffs also notified Defendants about deficiencies in their interrogatory answers, including the lack of a verification for Defendants' answers to Plaintiffs' First Interrogatories. That verification has now been produced.

3.      We will produce one parent for each of the 8 minor Plaintiffs to be deposed in August as follows:

a.      August 22 – Parent of Plaintiff 1
b.      August 23 – Parent of Plaintiff 2
c.      August 24 – Parent of Plaintiff 3
d.      August 25 – Parent of Plaintiff 4
e.      August 26 – Parent of Plaintiff 5
f.      August 29 – Parent of Plaintiff 6
g.      August 30 – Parent of Plaintiff 7
h.      August 31 – Parent of Plaintiff 8

4.      LLB Corporate Representative deposition for the following topic:  creation, implementation, maintenance, enforcement, etc. re the Child Protection Program; adoption, implementation, training, enforcement, etc. re the Safe Sports Act; and any other measures taken or considered by LLB and District 12 pertaining the safety of the child athletes. We would like to take this deposition the week of September 12, 2022.

5.      Miranda Isaacks – We want to depose her the week of September 19, 2022.

6.      LLB Corporate Representative deposition for the following topic:  creation, implementation, maintenance, operation, etc. re the Data Center; communications from, to, and between, LLB, District 12, and local leagues, including ELL. We would like to take this deposition the last week in September.

Please check your schedules for availability of the above dates so we can confirm and schedule the depositions.

**Exhibit O**. LLB and District 12 did not respond to this email. Therefore, on July 15, 2022,

Plaintiffs noticed the depositions of Jennifer Roebuck, Melissa Redinger, Samantha Mahaffey, and

Brent Stahlnecker. Defendants replied the same day stating that Stahlnecker and Mahaffey were

not available in August, citing the Little League World Series (which ends late August) and that

Ms. Roebuck was not available due to her daughter getting married in August. Defendants did not

provide alternative dates.

In response, Plaintiffs requested more information about Ms. Roebuck's daughter's

wedding. Curiously, in the very next email from Defendants, they advised Plaintiffs of Ms.

Roebuck's availability on August 24, 2022 and Ms. Redinger's availability on August 23, 2022.

Additionally, Defendants advised that Samantha Mahaffey no longer works for LLB and that Brent

Stahlnecker would be available for deposition in September. Ms. Mahaffey apparently left the

employ of LLB in mid-June 2022. Plaintiffs then offered two weeks in September for Mr.

Stahlnecker's deposition but, to date, have received no response from Defendants. Further, despite

requesting Ms. Mahaffey's last known contacts, Defendants have nonetheless failed to provide

that information.

Prior to filing the Joint Conference Report, the parties filed their initial disclosures.

Plaintiffs served initial disclosures on May 23, 2022, and Defendants served initial disclosures on

May 20, 2022. Absent from Defendants' disclosures, however, was Defendants' insurance

policies. Despite the fact that insurance policies should be produced with initial disclosures,

Plaintiffs had to contact Defendants several times via phone and email to obtain the policies. *See*

**Exhibit J** (email chain between counsel regarding policies). After much prodding, Defendants

eventually produced the insurance policies on June 29, 2022. **Exhibit K**.

In response to Plaintiffs' discovery requests, Defendants served answers/responses replete

with boilerplate objections, impermissible general objections, and "reservations of rights." For

example, *every* response to discovery from LLB and District 12 included the following or

substantially similar language:

### RESERVATION OF RIGHTS

These Responses are based on Defendant's interpretation and understanding of the
Requests based on its current knowledge, understanding, and belief as to the facts
and the information available to it as of the date of these Responses. Additional
discovery and investigation may lead to additions to or changes in these Responses.
These Responses, therefore, are being given without prejudice to Defendant's right
to revise, amend, correct, supplement, modify, or clarify its Responses. Defendant
also reserves the right to produce subsequently discovered information and to
introduce such subsequently discovered information at the time of any hearing or

trial in this action. In responding to Plaintiffs' Requests, Defendant does not waive any objection that may be applicable to: (a) the use for any purpose of any information or documents given in response to Plaintiffs' Requests, or (b) the authenticity, admissibility, relevancy, or materiality of any of the information or documents to any issue in this case. Defendant also does not waive any objection made in these Responses, or any claim of privilege, whether expressly asserted or not, by providing any information or identifying any document or thing in response to Plaintiffs' Requests. The inadvertent disclosure of such information or the inadvertent identification or production of any documents shall not constitute a waiver of any applicable privilege as to that document or any other document identified or produced by Defendant. Neither the fact that Defendant has provided information in response to the Requests nor the responses themselves shall be construed as a waiver of any objections or construed as an admission or acknowledgement that such Request is proper; that the documents or information sought are relevant, material, or otherwise within the proper bounds of discovery; that such documents or information are properly discoverable; or that other such discovery requests will be treated in a similar fashion in this or any other proceeding. All objections as to privilege, immunity, relevance, authenticity, or admissibility of any information or documents herein are expressly reserved.

## GENERAL OBJECTIONS

Defendant objects to Plaintiffs' Requests to the extent that they seek to impose upon Defendant obligations exceeding the requirements of the Federal Rules of Civil Procedure. Defendant further objects to the extent any Request is irrelevant, overly broad, unduly burdensome, or not proportional to the needs of the case. Defendant further objects to Plaintiffs' Requests as overbroad and unduly burdensome to the extent that they call for production of "all" documents relating to the identified topics. Defendant is willing to meet and confer with Plaintiffs with regard to the scope of their Requests. Defendant objects to Plaintiffs' Requests to the extent they call for documents or other materials covered by the attorney-client privilege, the work product doctrine, the joint defense or common interest privilege, and/or any other applicable privilege or protection. Pursuant to Federal Rule of Civil Procedure 26, Defendant will produce a privilege log of those documents and other information withheld on the grounds of privilege. Defendant objects to Plaintiffs' Requests to the extent they request documents related to conduct outside the applicable statute(s) of limitations or the term of any applicable contract. Defendant objects to Plaintiffs' Requests to the extent they request documents that are a matter of public record equally accessible and/or ascertainable to Plaintiffs (such as documents that are currently within Plaintiffs' control). Defendant further objects to Plaintiffs' Requests to the extent that they request documents beyond Defendant's possession, custody, or control. Defendant objects to Plaintiffs' Requests to the extent that they violate any constitutional, statutory, contractual, or common law right of privacy and confidentiality, including those provided under United States federal or state law or any other country's law, of Defendant, Defendant's employees, independent contractors, or volunteers, or other persons,

including individuals who are not parties to this litigation. If Defendant believes that a document in its possession, custody, or control is potentially subject to any privilege of or confidentiality obligation owed to a third party, Defendant intends to provide it to the third party for review prior to production so that the third party can assess the applicability of such privilege or confidentiality obligation. Defendant objects to Plaintiffs' Requests to the extent that they require production of information that is non-public, confidential, and/or proprietary to Defendant. **Defendant objects to Plaintiffs' Requests on the ground that they are premature in light of Defendants' pending motion to dismiss. Defendants reserve the right to supplement their objections and responses after the Court rules on that motion**, including their right to object to any or all Requests as irrelevant to the claims remaining in the case.

**Exhibit A** (emphasis added). Notably, the aforementioned general objection incorrectly asserts that Plaintiffs' requests are premature based upon a pending motion to dismiss. Additionally, the answers and responses to each specific request include improper "subject to" language.

## II.      ARGUMENT & AUTHORITIES

### A. RELEVANCE IS BROADLY CONSTRUED

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(B)(1).

At the discovery stage, relevancy is broadly construed, and information is considered relevant if it "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *accord Wright v. Weaver*, No. 4:07-cv-369, 2009 WL 5170218, at *1 (E.D. Tex. Dec. 18, 2009). Indeed, "discovery rules are to be accorded a broad and liberal treatment to effect their purpose of

adequately informing the litigants in civil cases." *Herbert v. Lando*, 441 U.S. 153,177 (1979); *see*

*Tyco Healthcare Grp. LP v. E-Z-EM, Inc.*, No. 2:07-CV-262(TJW), 2010 WL 774878, at *2 (E.D.

Tex. Mar. 2, 2010).

Under the Local Rules for the United States District Court for the Eastern District of Texas,

relevance is also broadly defined. E.D. TEX. LOC. R. CV-26(d). The Local Rules provide:

> (d) Relevant to ***Any*** Party's Claim or Defense. The following observations are
> provided for counsel's guidance in evaluating whether a particular piece of
> information is "relevant to any party's claim or defense:"
>
>> (1) it includes information that would ***not support*** the disclosing
>> parties' contentions;
>>
>> (2) it includes those persons who, if their potential testimony were
>> known, might reasonably be expected to be deposed or called as a
>> witness by any of the parties;
>>
>> (3) it is information that is likely to have an influence on or affect
>> the outcome of a claim or defense;
>>
>> (4) it is information that deserves to be considered in the preparation,
>> evaluation, or trial of a claim or defense; and
>>
>> (5) it is information that reasonable and competent counsel would
>> consider reasonably necessary to prepare, evaluate, or try a claim or
>> defense.

*Id.* (emphasis added). In short, "[i]n federal practice, pretrial discovery is a 'broad regime.'"

*Lewallen v. City of Beaumont*, 1:05-CV-733, 2008 WL 11344707, at *3 (E.D. Tex. Mar. 18, 2008).

## B. OBJECTIONS MUST BE SPECIFIC

Objections to discovery must be timely and must be stated with specificity. FED. R. CIV. P.

33(b)(4); *Star Creek Ctr., LLC v. Seneca Ins. Co., Inc.*, No. 4:17-CV-00607, 2018 WL 1934084,

at *2 (E.D. Tex. Apr. 23, 2018); *Enron Corp. Sav. Plan v. Hewitt Assocs. L.L.C.*, 258 F.R.D. 149,

153, n.1 (S.D. Tex. 2009) (Rule 33 requirements of timeliness and specificity apply to both

interrogatory and document request objections, equally). As a "general rule," untimely objections

are waived, absent good cause for the delay. *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989); *Star Creek Ctr., LLC*, 2018 WL 1934084, at \*2; *Ordoyne v. McDermott, Inc.*, No. CIV.A. 99-3456, 2000 WL 1154616, at \*1 (E.D. La. Aug. 14, 2000) (finding objections waived because they were twenty-two days late).

Importantly, "[t]he practice of including 'subject to' or 'without waiving' statements after objections is an age-old habit comparable to belts and suspenders." *Star Creek Ctr., LLC*, 2018 WL 1934084, at \*2. "[T]his practice is 'manifestly confusing (at best) and misleading (at worst), and has no basis at all in the Federal Rules of Civil Procedure.'" *Id.* (quoting *Keycorp v. Holland*, No. 3:16-cv-1948-D, 2016 WL 6277813, at \*11 (N.D. Tex. Oct. 26, 2016) (quoting *Carr v. State Farm Mut. Auto. Ins.*, 312 F.R.D. 459, 470 (N.D. Tex. 2015))). Such an objection and answer "leaves the requesting [p]arty uncertain as to whether the question has actually been fully answered," *Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, No. 08-21085-CIV, 2008 WL 4327253, at \*3 (S.D. Fla. Sept. 18, 2008), and "wondering as to the scope of the documents or information that will be provided as responsive." *Heller v. City of Dallas*, 303 F.R.D. 466, 487 (N.D. Tex. 2014). As acknowledged by one court, "[a] response that states 'subject to this objection and to the general objections' is not specific enough as to either (1) the completeness of the answer or (2) the availability of documents for inspection." *Star Creek Ctr., LLC*, 2018 WL 1934084, at \*3.

## C. PLAINTIFFS' DISCOVERY REQUESTS ARE NOT PREMATURE DUE TO THE PENDING MOTION TO DISMISS

Defendants are incorrect that Plaintiffs' discovery requests are premature simply because there is a pending motion to dismiss on file. Eastern District of Texas Local Rule CV 26(a), explicitly states that "Absent a court order to the contrary, **a party is not excused from**

22

**responding to discovery because there are pending motions to dismiss**, to remand, or to change venue." (emphasis added). Accordingly, Plaintiffs' ask the Court to overrule this objection and compel Defendants to fully respond to discovery.

### D.  DEFENDANTS' GENERAL OBJECTIONS AND RESERVATIONS OF RIGHTS ARE IMPROPER AND MUST BE STRUCK

Next, Plaintiffs challenge *all* Defendants' responses to discovery, *as each one* contains a lengthy "Reservation of Rights" purporting to prevent waiver of objections and a "General Objection" section. Without question, a "general objection" preceding response and more objections is an improper global or blanket objection apparently intended to apply to all requests; however, this practice is inconsistent with the text and spirit of the Federal Rules of Civil Procedure and ineffective to preserve objections. *See Star Creek Ctr., LLC*, 2018 WL 1934084, at *3 (opining that the defendant's inclusion of "subject to this objection and to the general objections" is not supported by the federal rules and goes against the purposes of a just, speedy, and inexpensive resolution, and demonstrates that the responsive party "failed to specify the scope of its answer in relation to the request," making it impossible for Plaintiffs or the Court to assess the sufficiency of the response. *See Heller*, 303 F.R.D. at 483 (disapproving of such "general, generic objections" and finding that they "violate the Federal Rules and are invalid"); *see also Star Creek Ctr., LLC*, 2018 WL 1934084, at *3 ("The Court finds that Seneca's inclusion of "subject to this objection and to the general objections" is not supported by the federal rules and goes against the purposes of a just, speedy, and inexpensive resolution."). The "prohibition against general [or blanket] objections to discovery requests has been long established." *Hall v. La.*, Civ. A. No. 12–657–BAJ–RLB, 2014 WL 2560579, at *1 (M.D. La. June 6, 2014); FED. R. CIV. P. 34(b)(2) ("For each item

or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons.").

"The party resisting discovery must show specifically how each discovery request is not relevant or how each request is overly broad, burdensome, or oppressive." *Lozada-Leoni v. MoneyGram Int'l, Inc.*, No. 4:20CV68-RWS-CMC, 2020 WL 10046089, at *7 (E.D. Tex. July 8, 2020); *Tijerina*, 2020 WL 1663181, at *5 (citing *O'Bryant v. Walgreen Co.*, No. 19-60363, 2020 WL 996464, at *5 (5th Cir. 2020) (citing *McLeod*, 894 F.2d at 1485) ("[T]he party resisting discovery must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." (internal quotations omitted in *Tijerina*))). "A mere statement by a party that a request is 'overly broad and unduly burdensome' is not adequate to voice a successful objection." *Perera*, 2020 WL 1225042, at *6 (citing *Brady*, 238 F.R.D. at 437 (citing *St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511–12 (N.D. La. 2000))). Summary objections are rejected because "[b]road-based, non-specific objections are almost impossible to assess on their merits and fall woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request." *Lozada-Leoni*, 2020 WL 10046089, at *10.

Indeed, as one Court succinctly stated: "So-called boilerplate or unsupported objections— even when asserted in response to a specific discovery request and not as part of a general list of generic objections preceding any responses to specific discovery requests—are likewise improper and ineffective and may rise (or fall) to the level of what the Fifth Circuit has described as 'an all-too-common example of the sort of "Rambo tactics" that have brought disrepute upon attorneys and the legal system.'" *Heller*, 303 F.R.D. at 483 (quoting *McLeod*, 894 F.2d at 1484–86 (holding that simply objecting to requests as "overly broad, burdensome, oppressive and irrelevant,"

without showing "specifically how each [request] is not relevant or how each question is overly broad, burdensome or oppressive," is inadequate to "voice a successful objection")); *see Anderson v. Caldwell Cty. Sheriff's Office*, No. 1:09cv423, 2011 WL 2414140, at *3 (W.D.N.C. June 10, 2011) ("Moreover, there is no provision in the Federal Rules that allows a party to assert objections simply to preserve them. Instead, the Federal Rules require that objections be specific."); *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 358 (D. Md. 2008) (noting that, despite Rule 26(g), "boilerplate objections that a request for discovery is 'overboard and unduly burdensome, and not reasonably calculated to lead to the discovery of material admissible in evidence,' persist despite a litany of decisions from courts, including this one, that such objections are improper unless based on particularized facts") (citation omitted); *accord Auburn Sales, Inc. v. Cypros Trading & Shipping, Inc.*, No. 14-CV-10922, 2016 WL 3418554, at *3 (E.D. Mich. June 22, 2016) (stating that "the filing of boilerplate objections is tantamount to filing no objections at all"). Moreover, whether one waives objections is determined by rules, statutes, and case law—not by a "Reservation of Rights."

In short, by prefacing each set of discovery responses with a general objection and a reservation of rights, Defendants have waived their objections. As such, Plaintiffs move the Court to strike Defendants' General Objections and Reservations of Rights for each response to discovery as well as all other objections, given that they are unfounded and boilerplate.

### E.  DEFENDANTS' RESPONSES ARE UNTIMELY AND INCOMPLETE

A sampling of Defendants' discovery responses illustrates how they are invalid. In LLB's Objections and Responses to Plaintiffs' Third Request for Production, Nos. 9 and 4, LLB responded as follows:

9. Produce a complete copy of D.A. Jennifer Roebuck's "To-Do Items" list from the D.A. Dashboard for the last (5) five years.

RESPONSE: Defendant objects to this request as the phrases "'To-Do Items' list" and "D.A. Dashboard" are vague and ambiguous and thus Defendant does not understand the scope of this Request. Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case as it seeks information not relevant to the allegations in Plaintiffs' Complaint. Defendant also objects to this Request as it seeks information not within the possession, custody, or control of Defendant. Defendant is nonetheless willing to confer with Plaintiffs regarding the information sought.

4. Produce all communications including, but not limited to, emails (with attachments), text messages, reports, memos, letters, etc., exchanged between Bonnie Wheeland and Jennifer Roebuck for the last (5) five years.

RESPONSE: Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case as it seeks communications about any subject matter, including subject matters wholly unrelated and irrelevant to the allegations in Plaintiffs' Complaint.

Subject to and without waiving the foregoing objections, Defendant will conduct a reasonable and diligent search for and produce relevant, nonprivileged documents from January 1, 2017, to December 31, 2021, within its possession, custody, or control.

**Exhibit A**.

First, Defendants served their responses to Plaintiffs' Third Request for production on July 13, 2022; nonetheless, not a single document was produced on that date. It was not until Plaintiffs responded with written correspondence and a telephone conference that Defendants produced anything. **Exhibits M, P, Q**.

Second, as previously discussed, with regard to No. 9 above, the "To-Do Items" from the "D.A. Dashboard" for Jennifer Roebuck are terms taken *directly from* LLB's materials and documentation and LLB's Data Center. The "To-Do Items" list is discussed extensively in at least one video posted online by LLB to educate and train district administrators such as Jennifer Roebuck on their duties and is terminology taken directly from LLB's own computer program.

Thus, it is simply inconceivable that LLB is unfamiliar with the Data Center. Further, the material is clearly within the possession, custody, or control of Defendants. As to the remaining objections, no part of the request is overbroad, unduly burdensome, or disproportional to the needs of this case. This is not a small case for which a proportionality objection should be lightly made; it is a complex sexual abuse case involving eight different children, several defendants, and sexual abuse that occurred over a period of at least four years. This request is limited to the "To-Do Items" on LLB's Data Center for one person, Jennifer Roebuck, who served as the District Administrator for District 12.

Third, with regard to Request for Production No. 4, LLB employs the phrase "subject to," which, as discussed above, is ineffective to preserve objections. Additionally, LLB stated that it "will conduct a reasonable and diligent search for and produce relevant, nonprivileged documents from January 1, 2017, to December 31, 2021, within its possession, custody, or control," indicating that it had *not* in fact conducted a reasonable and diligent search for such records prior to responding to discovery. The failure to do so before responding serves only to unnecessarily delay this case.

As mentioned above, following receipt of these responses, Plaintiffs promptly notified Defendants of the deficiencies, see **Exhibit M**, and scheduled a conference call in which to discuss same. Counsel for the parties participated in the conference call on July 15, 2022. During the call, counsel for Defendants indicated that there would be several document productions or separate batches that would be produced to Plaintiffs in stages, despite Plaintiffs protesting this practice and requesting all responsive documents on or before July 22, 2022.

To date, however, Defendants have not produced all responsive documents. Instead, Defendants have produced some publicly available rulebooks, the ELL constitution and bylaws

(which they had already produced with disclosures), insurance policies,[4] DA evaluations, DA 2019-2021 end of year reports, background reports for Adam Isaacks, ELL's Safety Plan, a notification of ELL's non-compliance, a spreadsheet showing checks received, one email from Bonnie Wheeland to Adam Isaacks regarding missing background checks, an email from Ms. Wheeland to Jennifer Roebuck regarding missing background checks, district administrator region evaluation form, statements by Valerie Patterson regarding background checks in 2017-2019, a statement by Adam Isaacks regarding background checks in 2020, and a confirmation of compliance statement by Kala Rogers regarding the 2021 Little League year.

Moreover, for the items eventually produced following the parties' July 15, 2022 conference call, Defendants failed to amend their responses to reference the Bates-labeled documents to the production request to which each document is responsive. As such, Plaintiffs are left to sort through a stack of discovery to figure out which documents correspond to which request. This tactic should not be tolerated by this Court, as it serves only to waste time and money, delay progression of this case, and frustrate counsel.

Despite the documents produced thus far, **much remains outstanding**. For example, Plaintiffs asked for communications regarding ELL's corporate status, communications between Jennifer Roebuck and Becky Bassett and Bonnie Wheeland, District 12's sub-folder (a term taken directly from LLB's website discussing its Data Center), disciplinary action documents, Ms. Roebuck's personal district administrator calendar, training videos, all charter status reports and team count reports for the past 5 years, all insurance coverage reports for the past 5 years, and all

---

[4] Significantly, Defendants produced their insurance policies only after significant prodding from Plaintiffs. Additionally, while not addressed at length herein, Defendants also failed to verify their answers to Plaintiffs' First Interrogatories until requested by Plaintiffs. Plaintiffs point these matters out to demonstrate the pattern of discovery abuse and delay tactics by Defendants.

ASAP submission reports for District 12 for the past 5 years. Additionally, Plaintiffs requested documentation on a variety of other relevant and important topics including but not limited to:

- communications between Ms. Roebuck and her staff regarding Adam Isaacks,

- district staff bulletins for the past 5 years

- communications between LLB and JDP (LLB's background check resource) regarding Adam Isaacks

- safety audits/reviews/studies regarding child abuse for the past 10 years

- documentation concerning LLB's 2018 update of its Child Protection Program

- documentation pertaining to the Safe Sport Act from 2017 to the present

- communications to support@littleleague.org concerning allegations of child abuse for the past 10 years

- emails/reports/documentation regarding allegations of child abuse for the past 10 years

- meeting minutes and agendas for the update of the Child Protection Program.

*See* **Exhibit A**. It is notable that, despite this case being about repeated child sexual abuse, Defendants have yet to produce one single document regarding their Child Protection Program and adoption of the Safe Sport Act. This is particularly troubling, given that Defendants first received notice of the scandal involving Adam Isaacks when they received Plaintiffs' letter of representation and notice to preserve evidence—January 19, 2022. **Exhibit D**.

### F. Depositions

As all parties to this matter are aware, there is a very short timeline in which to conduct discovery, a monumental task in light of the complexity and size of this case. Mediation is scheduled in December 2022, and Plaintiffs' deadline to designate experts and produce expert reports is in January 2023. In order to adequately prepare for mediation, Plaintiffs must aggressively pursue discovery and obtain necessary documentation. The same is true regarding

upcoming depositions (of Roebuck and Riedinger August 23-24, 2022). The materials requested are also essential to provide to Plaintiffs' experts as soon as possible so that those individuals are able to review the material, formulate their opinions, and prepare reports. By continuing to delay discovery, Defendants are hampering Plaintiffs' ability to prepare their case. Accordingly, Plaintiffs ask the Court to compel Defendants to provide September 2022 dates to depose Brent Stahlnecker and to immediately provide Plaintiffs with Samantha Mahaffey's last known contact information.

### III.    CONCLUSION AND PRAYER

Consistent with the foregoing, Plaintiffs pray that the Court strike Defendants' objections to discovery, general objections, and reservations of rights, compel Defendants to fully respond to Plaintiffs' requests for production, present Brent Stahlnecker for deposition in September 2022, and to provide Samantha Mahaffey's contact information. Plaintiffs also requests such further relief to which they are justly entitled.

Respectfully submitted,

**BERNSEN LAW FIRM**

/s/ David E. Bernsen
**David E. Bernsen**
Texas Bar No. 02217500
dbernsen@bernsenlaw.com
**Cade Bernsen**
Texas Bar No. 24073918
cbernsen@bernsenlaw.com
**Marianne Laine**
Texas Bar No. 24062834
mlaine@bernsenlaw.com
420 N. MLK, Jr. Pkwy
Beaumont, Texas 77701
409/212-9994 – Telephone
409/212-9411 – Facsimile

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the following counsel by mail, electronically and/or via facsimile on the 29th day of July 2022.

/s/ David E. Bernsen
David E. Bernsen

## CERTIFICATE OF CONFERENCE

I certify that on July 15, 2022, counsel for Plaintiffs contacted counsel for Defendants regarding their discovery responses via two letters and also in a conference call. Cade Bernsen and Marianne Laine participated in the conference call with counsel for Defendants. Defendants indicated they would produce documents in several batches. Plaintiffs expressed their opposition to this method. The parties also discussed scope and relevance of numerous document requests but were unable to reach agreement.

/s/ *Marianne Laine*
Marianne Laine