IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| **FAMILY ONE,** *individually and as guardians and next friends of* **MINOR CHILD ONE,** *et al.,* | |
| **Plaintiffs,** | |
| *v.* | **No.: 9:22-CV-28-MJT** |
| **ADAM DALE ISAACKS,** *et al.*, | |
| **Defendants.** | |

### DEFENDANTS LITTLE LEAGUE BASEBALL, INC AND TEXAS DISTRICT 12 LITTLE LEAGUE'S SURREPLY REGARDING PLAINTIFFS' MOTION TO COMPEL AND STRIKE OBJECTIONS

Plaintiffs' Reply and other recent events provide additional reasons to deny Plaintiffs' motion and raise the question why holding a hearing on September 8 is necessary.  Indeed, on September 6, 2022, when counsel for Defendants asked Plaintiffs' counsel whether the September 8 hearing is still necessary, counsel provided no reason except that Plaintiffs' attorneys just want to have a hearing.

The Court should deny the motion for that reason and because Plaintiffs' arguments lack merit.  Defendants have been working diligently and good faith to comply with their discovery obligations as quickly as possible.  Before and after Plaintiffs filed their motion, Defendants have spent hundreds of hours and tens of thousands of dollars collecting, reviewing, and producing thousands of responsive documents; created and served privilege logs; amended their discovery responses and served such amended responses; met and conferred with Plaintiffs regarding many discovery issues; put two witnesses up for depositions; scheduled two more depositions; and proposed solutions to many of Plaintiffs' discovery issues.  Defendants have even offered a

compromise regarding Plaintiffs' request that Defendants respond to each of Plaintiffs' 227 requests for production by identifying the bates numbers of every document responsive to each request.  *See* Ex. 1, September 1, 2022 Harper Email.  Plaintiffs have not responded to Defendants' proposals, and their Reply does not mention them.

The Reply also completely ignores the arguments and evidence in Defendants' Response and appears to abandon the bulk of the relief the Motion sought.  The Reply includes no argument or request that the Court compel Defendants to produce documents or provide any relief related to depositions.  Plaintiffs appear to have only two requests for relief outstanding: (1) a request that the Court strike Defendants' discovery objections and (2) a request that the Court order Defendants to respond to each of Plaintiffs' 227 requests for production by identifying the bates numbers of every document responsive to each request—even though the Motion did not specifically request this and included no argument in favor of the request.  But neither the Motion nor the Reply provide any basis for granting either request.  Although not mentioned in Plaintiffs' Reply, Defendants served amended responses to every single one of Plaintiffs 227 requests for production.  The Reply does not analyze the new responses or request that the Court strike them, and, like the Motion the Reply fails to identify any specific objections Plaintiffs want the Court to analyze.  The Court should therefore deny the motion to strike because Plaintiffs have failed to identify particular objections they want the Court to strike, the complained-of objections no longer exist, and Plaintiffs have not asked the Court to strike the amended objections.

The Court should also deny Plaintiffs' bates-number request. Defendants' Response provides argument and evidence—including sworn declarations—that it has produced documents

as kept in the usual course of business and therefore need not comply with Plaintiffs' request.[1] Defendants have also proposed a compromise in response to Plaintiffs' request.  *See* Ex. 1.  But Plaintiffs have not responded to Defendants' proposed compromise.  And the Reply does not mention Defendants' sworn declarations or even argue that Defendants have not produced their documents as they were kept in the ordinary course of business.  Nor does the Reply dispute the evidence that Plaintiffs can perform keyword searches to both Defendant's productions with any ordinary document-review software platform.  All the Reply does is assert—without any basis for doing so—that Defendants' productions are disorganized and continues wrongfully to accuse Defendants of intentionally impeding discovery.  As such, the Court should deny Plaintiffs' motion in full.

## ARGUMENT

The Court should deny the Motion because there is no dispute warranting judicial review and because Plaintiffs' arguments lack merit.

**I.     Plaintiffs Reply has abandoned any request that the Court order Defendants to produce documents or issue deposition-related relief.**

Although the Motion complained that Defendants had not yet produced responsive documents, the Reply has abandoned any request that the Court order Defendants to produce documents.  Plaintiffs have also abandoned any request related to depositions.  As such, to the extent Plaintiffs continue to seek an order compelling Defendants to produce documents or related to depositions, the Court should deny the Motion.

**II.    The Court should deny Plaintiffs' Motion to Strike because Plaintiffs have not specified what objections they are challenging, because Defendants have served amended the complained-of discovery responses, and because Plaintiffs have not asked the**

---

[1] Federal Rule of Civil Procedure 34(b)(2)(E) states, "A party must produce documents as they are kept in the usual course of business *or* must organize and label them to correspond to the categories in the request."  (emphasis added).

**Court to strike the amended objections.**

Plaintiffs continue to ask the Court to strike all Defendants' objections to Plaintiffs' 227 discovery requests even though neither Plaintiffs' Motion nor their Reply identifies specific requests Plaintiffs want the Court to strike. Moreover, Defendants served amended objections and responses that cure any perceived deficiencies. Defendants continued to amend their responses based on issues Plaintiffs raised in a meet and confer on Monday, August 29, 2022. The new responses make tailored, meritorious objections, state the specific objections based on which Defendants are withholding responsive documents, and state whether responsive documents have been produced. Exs. 2–5. Plaintiffs have not asked the Court to strike any of the amended responses or provided any analysis of them. Rather, Plaintiffs appear to want to Court to strike responses and objections that no longer exist. Thus, because Plaintiffs have identified no objections they want the Court to strike, and because the Court has received no analysis of the amended responses, no argument that they are insufficient, or a request to strike the amended responses, the Court should deny the Motion to Strike.

**III.    The Court should decline to order Defendants to respond to each of Plaintiffs' 227 requests for production by identifying the bates numbers of every document responsive to each request because Plaintiffs' Reply does not even attempt to address Defendants' arguments or evidence that Defendants' productions comply with the Federal Rules of Civil Procedure and because Defendants have made a proposal that likely obviates the need for judicial intervention.**

Defendants provided in their Response ample argument and evidence that the Rules of Civil Procedure do not require Defendants to respond to each of Plaintiffs' 227 requests for production by identifying the bates numbers of every document responsive to each request. Plaintiffs responded by citing only cases Defendants' responses already distinguishes. The Reply provides no analysis of those cases, the cases Defendants cite, the sworn declarations attached to Defendants' Response, or the formatting of the documents Defendants produced. Nor does the

Reply indicate that Plaintiffs have made any effort to evaluate the technical nature of Defendants' productions.  The Reply does not even argue that Defendant failed to produce its documents as they were kept in the ordinary course of business.[2]  The Reply also does not mention Defendants' proposed compromise on this issue.[3]  Rather, despite the plain language of Rule 34(b)(2)(E) and the cases in Defendants' Response, Plaintiffs seem to suggest that Defendants should have to comply with Plaintiffs' request simply because Defendants produced a large number of documents. No authority for that proposition exists—for good reason.  Because of how Defendants produced their documents, Plaintiffs can review the metadata of the produced documents, *and they can run keyword searches across the totality of the productions*.  Thus, no reason exists to force Defendants to spend substantial time and money complying with Plaintiffs' demand when Plaintiffs' counsel can just as easily search for and find the documents they want.  The Court should deny the Motion because Plaintiffs' arguments lack merit and because of Defendants' outstanding proposal—to which Plaintiffs have not responded—that could obviate the need for judicial intervention.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' Motion to Compel and Strike and grant Defendants any other relief to which they may be entitled.

---

[2] Federal Rule of Civil Procedure 34(b)(2)(E) states, "A party must produce documents as they are kept in the usual course of business *or* must organize and label them to correspond to the categories in the request."  (emphasis added).

[3] During the parties' August 30, 2022 meet and confer, Plaintiffs counsel identified an exemplar document request for which he claims he cannot know the responsive documents without being told.  The exemplar request asked for documents on which Little League Baseball, Inc. relied to create its Child Protection Policy.  Despite having no obligation to do so under the Rules of Civil Procedure, Counsel for Defendants proposed that Plaintiffs identify similar requests and that Defendants would work with Plaintiffs to alleviate concerns on a request-by-request basis. However, the bulk of the requests ask for specific documents or documents to or from specific people such that Plaintiffs can easily find responsive documents themselves.

Dated: September 7, 2022                    Respectfully submitted,

                                            */s/ Brandon Duke*
                                            Matthew D. Orwig
                                            Texas Bar No. 15325300
                                            morwig@winston.com
                                            Geoffrey Harper
                                            Texas Bar No. 795408
                                            gharper@winston.com
                                            William Fox
                                            Texas Bar No. 24101766
                                            wfox@winston.com
                                            Ashley J. Wright
                                            Texas Bar No. 24100390
                                            ajwright@winston.com
                                            **Winston & Strawn LLP**
                                            2121 N. Pearl Street, Suite 900
                                            Dallas, Texas 75201
                                            Telephone: 214-453-6500
                                            Facsimile: 214-453-6400

                                            Brandon W. Duke
                                            Texas Bar No. 24094476
                                            bduke@winston.com
                                            Isaac B. Villarreal
                                            Texas Bar No. 24110488
                                            ivillarreal@winston.com
                                            **Winston & Strawn LLP**
                                            800 Capitol Street, Suite 2400
                                            Houston, Texas 77002
                                            Telephone: 713-651-2600
                                            Facsimile: 713-651-2700
                                            ***Counsel for Defendants Little League Baseball,***
                                            ***Inc. A/K/A Little League International and***
                                            ***Texas District 12 Little League***

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served on all known counsel of record by electronic service on September 7, 2022.

                                            */s/ Brandon Duke*

6