UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| FAMILY ONE, INDIVIDUALLY AND AS GUARDIANS AND NEXT FRIENDS OF MINOR CHILD ONE, *et al.* | § § § § | |
| V. | § § | CIVIL ACTION NO. 9:22-CV-28 |
| ADAM DALE ISAACKS, *et al.* | § | |

**PLAINTIFFS' SUR-REPLY IN OPPOSITION TO LITTLE LEAGUE BASEBALL INCORPORATED'S MOTION TO QUASH THIRD-PARTY SUBPOENA**

Plaintiffs file this Sur-reply in Opposition to Defendants Little League Baseball Incorporated's ("Little League Baseball" or "LLB") Motion to Quash Third-Party Subpoena to Praesidium. Doc. 133. Plaintiffs respectfully show as follows:

### I.  Praesidium is a fact witness, not a consulting expert.

LLB states that Praesidium did not become its consulting expert until October 2022. Doc. 146 at p. 3 ("Little League did not agree to work with Praesidium and use them as a consulting expert until October of 2022."). Based on this concession alone, any and all communications, documents, etc., that occurred before October 2022 between LLB and Praesidium are undeniably *not* protected by the consulting expert privilege.

According to LLB, it did not contact Praesidium about "possibly consulting with Little League about the Child Protection Program until mid-January of 2022, *after* Plaintiffs had called and informed District 12 of the actions of Mr. Isaacks and raised the prospect of litigation." *Id*. This statement flatly contradicts the sworn deposition testimony of LLB's Corporate Representative, Brent Stahlnecker. He testified in part:

> Q:   Okay.  Does Little League Baseball have any third party from outside the organization to objectively evaluate Little League Baseball's Child Protection Program?

1

| | |
|---|---|
| **A:** | **That's an ongoing thing we're doing.  We're discussing that with multiple people at this point.** |
| Q: | When did that start, that third party from outside the organization to objectively evaluate Little League Baseball's Child Protection Program? |
| **A:** | **Probably over the last year and a half.** |
| Q: | Who is that third party? |
| **A:** | **So one of the companies is a company called Players Health.  And then we've also had some discussion with—it's a company called Praesidium, P-R-A-E-S-I-D-I-U-M. . . .** |
| Q: | Praesidium.  Where are they located? |
| **A:** | **I'm not entirely positive where they're headquartered, but they're connected through the insurance carrier with AIG, so that's how we got connected with them.** |
| Q: | Okay.   And Players Health? |
| **A:** | **I believe they're headquartered in Minnesota.** |

**Exhibit A**, Stahlnecker Dep. at p. 204.[1]

| | |
|---|---|
| Q: | How does Little League Baseball stay current with new research on child sexual abuse and new strategy for preventing it? |
| **A:** | **That's part of the discussion with these companies that we're working with, is trying to figure out ways that we can adapt the program moving forward.** |
| Q: | All right. That started in 2021? |
| **A:** | **Yeah.  It was on the end of <u>2020 into 2021</u>.** |
| Q: | 2021? |
| **A:** | **Yeah, it was on the edge of the <u>end of 2020, into 2021</u>.** |
| Q: | Have they made any recommendations? |
| **A:** | **Not yet, we're still going through the initial process.** |

---

[1] The exhibits referenced are attached to Plaintiffs' Responsive Brief, Doc. 138.

**Exhibit A**, Stahlnecker Dep. at p. 204-205 (underline added). Adam Isaacks was not arrested until December 30, 2021. Plaintiffs did not send a letter of representation to Defendants until January 19, 2022, and the instant lawsuit was not filed until February 28, 2022. Thus, Praesidium could not possibly have been hired as a consulting expert for this case at that time. Regardless, Defendants expressly state Praesidium was not retained as a consulting expert until October 2022.

LLB appears to recognize that Praesidium was not a consulting expert, by offering: "To the extent the Court has even the smallest doubt on this issue, it can order Little League to turn over all correspondence relating to any work or discussions with Praesidium prior to January 1, 2022, without destroying the privilege protection." The main problem with this statement is that January 1, 2022 is not the correct date. Again, LLB stated that Praesidium was not a consulting expert until **October 2022**. Accordingly, the Court should order Praesidium and LLB to turn over all materials requested up until October 2022 at the very least.

As for the time period following October 2022, Defendants' labeling of Praesidium as a consulting expert is a sham. Praesidium is a fact witness as explained in Plaintiffs' response brief. Therefore, all materials from October 2022 to present are not privileged and should be produced. Simply stated, any objection that the materials requested are protected by the consulting expert privilege should be overruled outright.[2]

## II. The Subpoena should not be narrowed.

LLB asks the Court to narrow the subpoena to "only the documents that would support Plaintiffs' allegations regarding Praesidium's role. . . ." Doc. 146 at p.2. Plaintiff disagrees.

---

[2] LLB argues that the date litigation commenced is irrelevant in determining whether one is a consulting expert, instead asserting that the proper inquiry is when they anticipated litigation. This fact is irrelevant here, as LLB concedes Praesidium was not a consulting expert until October 2022, and because Praesidium is a fact witness, not a consulting expert.

3

According to LLB, "depending on how one reads Plaintiffs' argument, it must again be stressed that Praesidium had no opinions prior to Mr. Isaacks' arrest as they had done no work with Little League until January of 2022. Moreover, the key issue is that nothing prevents Plaintiffs from hiring their own expert to review Little League's policies, including policies in effect prior to Mr. Isaacks' arrest." As set forth above, Stahlnecker's testimony wholly undermines this argument, given that he testified that Praesidium was contacted in late 2020 to early 2021.

Equally as important, the above statements indicate that Defendants characterize Plaintiffs' interest in LLB's communications with Praesidium as *only* relating to Praesidium's opinions. This is incorrect. Plaintiffs also seek to uncover the substance of Defendants' communications to Praesidium. Plaintiffs are not seeking expert opinions here. Plaintiffs are attempting to discover what LLB communicated to Praesidium and vice versa regarding child protection in general. There very well could be communications that are relevant, such as acknowledgements by LLB that its Child Protection Program is substandard, an acknowledgment that LLB needed assistance with preventing child abuse given prior instances within Little League, or communications from Praesidium that LLB's child protection measures are inadequate. Such communications are absolutely relevant and discoverable, and they are not privileged. Despite LLB's insistence to the contrary, Praesidium is a fact witness, at the very least up until October 2022.

Further, the subpoena should not be narrowed because it is already narrowly tailored. Each request is narrowed to LLB. Further, as Judge Truncale has already stated in the context of requests for production served on Defendants, a 10-year period is not overbroad. Logically, therefore, 5 years is not overbroad. The subpoena seeks documents from 2017 to present day. Thus, the subpoena seeks documents during the time period of sexual abuse (2017-December of 2021) to present. Under the circumstances of this case, the requests are narrowly tailored and within proximity to the events giving rise to the suit.

### III. Alternatively, exceptional circumstances exist warranting discovery.

Even were the Court to accept LLB's purported designation of Praesidium as a consulting expert, facts known and opinions held by such experts are discoverable upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." FED. R. CIV. PROC. 26(b)(4)(B). To prove exceptional circumstances under Rule 26(b), the moving party must show: (1) the object or condition observed by the non-testifying expert is no longer observable by an expert of the party seeking discovery; or (2) although it is possible to replicate expert discovery in a contested issue, the cost of doing so is judicially prohibitive. *Fast Memory Erase, LLC v. Spansion, Inc.*, No. 3-08-CV-0977-M, 2009 WL 4884091, at *1 (N.D. Tex. Dec. 16, 2009).

Any objective assessment or evaluation of Little League Baseball's Child Protection Program and/or other safety policies and procedures related to the prevention of sexual abuse, which were performed by Praesidium <u>prior to</u> the arrest of Adam Isaacks for serial sexual abuse of his LLB players is directly relevant to Plaintiffs' claims in this litigation and implicates the negligence and gross negligence of Defendants. The information obtained and opinions formed by Praesidium, as well as the information obtained from Praesidium and known by LLB during this timeframe is no longer observable or obtainable from other sources. Exceptional circumstances exist, which warrant discovery of this critical evidence.

### IV. Conclusion

WHEREFORE, Plaintiffs respectfully pray that this Court deny Defendant Little League Baseball, Incorporated's Motion to Quash Third-Party Subpoena to Praesidium (Doc. 133) in its entirety. Additionally, Plaintiffs ask for oral argument, as Plaintiffs expect it would be helpful to the Court in resolving the issues raised by Defendant.

Respectfully submitted,

**BERNSEN LAW FIRM**

/s/ *David E. Bernsen*
**David E. Bernsen**
Texas Bar No. 02217500
dbernsen@bernsenlaw.com
**Cade Bernsen**
Texas Bar No. 24073918
cbernsen@bernsenlaw.com
**Marianne Laine**
Texas Bar No. 24062834
mlaine@bernsenlaw.com
**Jamie Matuska**
Texas Bar No. 24051062
jmatuska@bernsenlaw.com
**Tanner Franklin**
State Bar No. 24082506
tfranklin@tfranklinlawfirm.com
420 N. MLK, Jr. Pkwy
Beaumont, Texas 77701
409/212-9994 – Telephone
409/212-9411 – Facsimile

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record by CM/ECF, email, and/or via facsimile on the 12th day of January 2023.

/s/ *David E. Bernsen*
David E. Bernsen